*Northern District*

No. 5225

**LOCAL TRADEMARKS, INC.**

v.

**ALLEN RUBIN et als**

(January 21, 1959)

*Present*: Gadsby, P. J., Eno and Brooks, JJ.

Case tried to *Loschi, J.*, in the First District Court of Eastern Middlesex. No. 1026 of 1957.

*Gadsby, P. J.* This is an action of contract to recover on a written contract. The answer of the defendant is a general denial and an allegation that the contract was procured by fraud and is therefore unenforceable.

There is no need of discussing the evidence. The trial judge made the following findings of fact:

"I find that the signature of the defendant to the contract, upon which this suit is based, was procured by the fraudulent representation of the plaintiff's agent; that the agent led the defendant to believe that the contract price would cover the cost of newspaper advertising, and that the defendant would not have to pay additional for newspaper advertising; that the contract was signed when the defendant was extremely busy with store-work; that while the defendant was signing the contract the agent kept his hand over the contents, he, the agent, assuring the defendant that the contract he was signing called for newspaper advertising as a part of the contract price.

I find for the defendant."

The trial judge denied the following request for rulings of law filed by the plaintiff:

"1. Upon the law and the evidence, the plaintiff is entitled to a ruling in its favor.

8. There has been insufficient evidence presented by the defendant to warrant a finding of fraud sufficient to set aside the contract in the present action.

9. There is insufficient evidence to warrant a finding that a reasonable man would have been deceived by any statements made by any representative of plaintiff to the defendant."

There was no error in the action of the trial judge in his denial of these requests. The first request has merged what should have been two requests into one. This is not proper. There is really a request upon the law and one upon the evidence which would require specifications. (See Rule 27, District Courts 1952).

Requests numbered 8 and 9 are based on rulings relating to the evidence. The denial of these requests becomes proper in view of the fact they become inconsistent or immaterial in view of the actual findings of fact by the trial judge.

This Division takes up for consideration only rulings of law made by the trial judge and reported by him. *Carando v. Springfield Cold Storage Co.,* 307 Mass. 99, 101; *Burns v. Winchell,* 305 Mass. 276 at 282.

The credibility of witnesses is a matter solely for the trial judge. *McDonald v. Adamian,* 294 Mass. 187, 190, and findings of fact made by him, supported by evidence at the trial, are not reviewable by the Appel-

late Division. *Adamaitis v. Met. L. Ins., Co.,* 296 Mass. 215, 221.

A request that a party is entitled to a finding means that as matter of law, such a finding is required. The evidence did not require the findings the plaintiff requested.

It can rarely be ruled as matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and inferences to be drawn from circumstances. *McDonough v. Met. L. Ins., Co.,* 228 Mass. 450, 452.

■■■ A request calling for a finding of fact is properly denied unless such finding of fact is required as a matter of law upon the evidence. *Liberatore v. Framingham,* 315 Mass. 538, 543; *Perry v. Hanover,* 314 Mass. 167, 169 and 170.

■■■ While the plaintiff argues that the defendant could have found out the real contents of the contract for himself and that by his own lack of due care and diligence he failed to protect his rights, yet the trend of our modern decisions is away from the old theory that if a man does not protect himself, he should not expect the Court to aid him. The case of *York v. Taylor,* 332 Mass. 368, 370, sets forth the new Doctrine.

We are of opinion that the requests numbered 8 and 9 became inapplicable and immaterial in view of the findings of facts by the trial judge that not only was the contract procured by the fraudulent representation of the plaintiff's agent, but that while the de-

fendant was signing the contract the agent kept his hand over the contents.

The case at bar is one calling for the application of the principle established by *York v. Taylor* and relief was properly granted by the trial judge.

There being no prejudicial error committed by the trial judge, the report is ordered dismissed.

*Sumner M. Lieberman*, of Boston, for the plaintiff.
*M. L. Rubin*, of Boston, for the defendant.