FAITH C. TOLSON vs. JOHN H. SHEMLIGIAN. September 1, 1987. *Practice, Civil*, Commencement of action, Action removed to Superior Court, Action transferred to District Court, Waiver. *Evidence*, Prima facie evidence.

The plaintiff filed in a District Court a complaint for personal injuries asserting an ad damnum of $100,000. Shemligian filed a motion on April 25, 1984, to remove the case late to the Superior Court. G. L. c. 231, § 104. This motion was allowed May 16, 1984, by a District Court judge.

On January 17, 1985, a Superior Court judge (Superior Court Judge No. 1), on his own motion, ordered the case transferred to the same District Court in which it was commenced. This was done under G. L. c. 231, § 102C,[1] and Rule 29 of the Superior Court, as amended, effective November 17, 1986. A motion by Shemligian to revoke this order of transfer was denied by Superior Court Judge No. 1 on April 16, 1985. For reasons, not apparent from this record or the original papers, the same transfer was ordered again by Superior Court Judge No. 1, on December 17, 1985.

Trial in the District Court was held on April 22, 1986, before a District Court judge, who found for Shemligian on April 25, 1986. The plaintiff's motion to retransfer the case to the Superior Court was allowed on June 9 by a District Court judge despite Shemligian's motion in the District Court (Docket Item No. 33) to dismiss the plaintiff's application for retransfer. The retransfer was effected on June 9, 1986. On that day the plaintiff filed one claim of jury trial. On June 13, 1986, the plaintiff filed another claim for a jury trial.

On July 7, 1986, Shemligian filed in the Superior Court a further motion to dismiss the action. After hearing, this motion was allowed (without any statement of reasons) by another Superior Court judge (Superior Court Judge No. 2), on representations in the motion (1) that the action had been commenced in the District Court; (2) that a full trial had been held in the District Court; (3) that on April 25, 1986 (actually it was May 1, 1986), judgment had been entered in the District Court in Shemligian's favor; and (4) that pursuant to G. L. c. 231, § 103, the plaintiff had "waived" any right to a trial by jury by commencing in the District Court an action which (in view of the size of the ad damnum) could have been brought originally in the Superior Court. Shemligian's motion cited and relied on *Third Natl. Bank* v. *Continental Ins. Co.,* 387 Mass. 1001 (1982), *S.C.,* 388 Mass. 240, 241-242 (1983).[2]

---

[1] General Laws, c. 231, § 102C, as amended through St. 1978, c. 478, § 262, read in pertinent part: "The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed seven thousand five hundred dollars, transfer for trial any civil action pending in said court to the court from which such action was previously removed, if any . . . ."

[2] In the *Third Natl. Bank* case, 388 Mass. at 242, the opinion reads (footnotes omitted) in part: "Although this action had to be tried in the District Court, it could have been commenced in the Superior Court. *Locke* v. *Slater,* 387 Mass. 682, 684 (1982). G. L. c. 212, § 4. A plaintiff's right to a Superior Court jury trial in such an action provided by G. L. c. 231, § 97, is deemed waived under G. L. c. 231, § 103, by commencing in a District Court an action that could have been commenced in the Superior Court. *Locke* v. *Slater, supra* at 684. *Hudson* v. *Massachusetts Property Ins. Underwriting Ass'n,* 386 Mass. 450, 452 n.2 (1982). By commencing this action in the District Court, the plaintiff, therefore, waived its appeal to the Superior Court." This language about § 103, it must be noted, was written in a context somewhat different from the circumstances of the present case, because in the *Third Natl. Bank* case there had been no removal to the Superior Court under G. L. c. 231, § 104.

Superior Court Judge No. 2, in dismissing the plantiff's claim, seems to have followed the literal meaning of the first sentence of G. L. c. 231, § 103, only up to the word "unless."[3] His course may have been directed in part by the language of the decisions mentioned in note 2, *supra,* concerning § 103, used in a context different from that now before us. The plaintiff contends that the language following the word "unless," compels consideration of the closely related provisions of § 104[4] and also of pertinent language in § 102C.[5]

We perceive no reason why the language after the word "unless" in the first sentence of § 103 (see note 3, *supra*) should be given less effect than the earlier language of the sentence. Shemligian had the case removed to the Superior Court under § 104 (see note 4, *supra*) and was unable to prevent

---

[3] Section 103, as amended through St. 1982, c. 304, § 1, provides in part, "If a party elects to bring in any district court any action . . . which he might have begun in the superior court, he shall be deemed *to have waived a trial by jury and his right of appeal to the superior court unless the said action . . . is removed to the superior court as hereinafter provided,* in which case the plaintiff shall have the same right to claim a jury trial as if the action or proceeding had been originally brought in the superior court; . . ." (emphasis supplied).

[4] Section 104, as appearing in St. 1980, c. 539, § 4, read in part, "Any other party, . . . may, provided that the amount of the claim against such other party, . . . exceeds seven thousand five hundred dollars, file in the district court in which the action is pending a claim of trial by the superior court together with the fee for the entry of the claim of each plaintiff in the superior court . . . . Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim, . . . on which the right to remove is based . . . . The clerk shall forthwith transmit the papers and entry fee to the clerk of the superior court and the same shall proceed as though then originally entered there . . . ." See for more recent amendments of § 104, St. 1985, c. 533, § 2, St. 1986, c. 278, § 2, and c. 708, §§ 7, 9.

[5] In addition to the language already quoted from § 102C in note 1, *supra,* it also provided in that section that, after a case has been retransferred to the District Court from the Superior Court and has been tried in the District Court, "The justice shall file a written decision or finding with the clerk who shall forthwith notify the parties or counsel of record. Any party to the transferred action aggrieved by the finding or decision may *as of right* have the case retransferred for determination by the superior court . . . . The request for retransfer . . . shall be filed with the clerk of said district court within ten days after notice of the finding or decision. . . . Upon the filing with the clerk of a request for retransfer, the decision or finding shall be forthwith transmitted, with any original papers received from the superior court and any original papers filed in the district court after transfer of the case by the superior court, to the clerk of the superior court of the county from which the case was referred. . . . The clerk of the superior court shall forthwith notify the parties or counsel of record of the receipt and filing of said finding or decision. The action shall thereafter be tried in the superior court. The decision, and the amount of the damages assessed, if any, by a district court *shall be prima facie evidence* upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings. A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the finding or decision in the superior court he shall file a statement that he insists on a jury trial" (emphasis supplied).

its retransfer to the District Court under the portion of § 102C, quoted above in note 1. It was tried in the District Court. Because of Shemligian's own action, he is now faced with a situation, which he himself created, of being unable to prevent a further retransfer of the case to the Superior Court. We think that the simple solution of the present case adopted by Superior Court Judge No. 2 must yield to the more intricate analysis of the statutes for which the plaintiff contends. This may well be a Pyrrhic victory for the plaintiff in view of the prima facie effect (see § 102C, next to last sentence as quoted in note 5, *supra*) to be given in the Superior Court to the decision of the District Court judge. See *Maloney* v. *Sargisson,* 18 Mass. App. Ct. 341, 343-345 (1984). Also if this results in uneconomic use of the court resources (in addition to what has been accomplished by the 1985 and 1986 amendments of § 104, already mentioned, which are not before us), the remedy is for the Legislature's consideration.

The judgment is reversed and the case is to stand for trial in the Superior Court.

*So ordered.*

*Robert J. Rutecki* for the plaintiff.