Sherman, PJ.
The plaintiff commenced this action in the Newton Division of the District Court Department to recover damages in the amount of $10,000.00. The defendant filed an answer and a compulsory counterclaim in the amount of $3,281.42. The court found for the defendant on his counterclaim in the amount of $2,985.42. For the purposes of this opinion, it is not necessary to discuss the merits of either the complaint or the counterclaim.
The plaintiff then filed a Notice of Appeal, pursuant to G.Lc. 231, §97, requesting that the case be removed to the Superior Court Department for trial by jury.[1] The defendant moved the court to strike the plaintiffs appeal, and subsequently amended his motion to strike only that part of the appeal relating to the plaintiffs complaint. After hearing the motions, the judge declined to rule, and reported to the Appellate Division the question of whether the plaintiff may claim a trial by jury in the Superior Court on both the complaint and counterclaim, or on the counterclaim only. We decline to rule on the issue since we lack jurisdiction in this matter.
The Appellate Division of the District Court, established by the legislature through G.Lc. 231, §108, has authority to rehear matters of law arising in civil cases. A party “aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division, (emphasis supplied).” G.Lc 231, §108. A single justice may also report a case to the Appellate Division when *109 that justice is of the opinion that his or her interlocutory ruling should be reviewed. McNamara v. Needham, 27 Mass. App. Dec. 113 (1963). In the matter before us, no ruling or order has been submitted for review because the judge declined to rule on the motions presented to him. Since the Appellate Division may consider only rulings of law made by a trial judge, this body is without jurisdiction to decide the matter before it. See Local Trademarks, Inc. v. Rubin, 16 Mass. App. Dec. 137, 139 (1959). The Legislature has not vested the Appellate Division with the authority to issue an advisory opinion or anything in the nature of a declaratory judgement which appears to be sought by the reporting judge in this instance. Northeastern Scale Models, Inc. v. Blois, Mass. App. Div. Adv. Sh. (1977) 101, 102.
We note, however, that all filings were made in a timely fashion, and suggest that the plaintiff reassert his right to have the matter entered in the Superior Court by the clerk of the District Court who, upon proper filing of a claim, “shall forthwith transmit the papers and entry fee to the clerk of the Superior Court” G.Lc. 231, §104. Further, it would appear that the entire case should be forwarded to the Superior Court. Where a counterclaim is asserted against a plaintiff who has elected to bring his action in a District Court, that plaintiff “may of right remove said action... and claim a jury trial” in the Superior Court.[2] G.Lc. 231, §104. Section 104, governing the “removal of a case” from District Court to Superior Court, in no way limits such removal to part of a case, such as a counterclaim. We find no ambiguity in the Legislature’s use of the word “case” in section 104 of chapter 231. It is well established that the meaning of a statute must be sought in the plain language in which it is framed. Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194 (1916). It should therefore, be left to the Superior Court judge to decide whether to hear the plaintiff’s complaint and counter-clám or the counterclaim only.
There being no reviewable matter submitted by the judge, the report is ordered dismissed.

 Section 97 of G.Lc. 231 governs appeals to Superior Court through assertion by an aggrieved party of the right to trial de novo. Despite its caption, the plaintiffs Notice of Appeal sought removal of the case to Superior Court pursuant to G.Lc. 231, §104 which allows retrial in Superior Court when a plaintiff would have been entitled to immediate removal but for the amount of the counterclaim. Section 104 provides that the case shall be tried in Superior Court and, unlike Section 97, the decision of the District Court is prima facie evidence of the matters in issue before the Superior Court. G.Lc. 231, §10i] Sylon Industries v. Trim Knit, Inc, 13 Mass. App. Ct. 970, (1982).

 Contrary to the plaintiffs assertions, there is no monetary threshold for claims entered in the Superior Court This case, therefore, could have been initiated in that forum, subject to the remand provisions of G.Lc. 231, §102C.