NICK N. HADDAD vs. J. PETER PULASKI. No. 92-P-1689. June 15, 1994. *Practice, Civil*, Commencement of action, Action removed to Superior Court, Action transferred to District Court, Waiver.

The plaintiff brought this contract action in a District Court. Although the amount claimed was less than $25,000, the action might have been brought in the Superior Court subject to transfer to the District Court under G. L. c. 231, § 102C. See G. L. c. 218, § 19; *U.S. Funding, Inc. of America* v. *Bank of Boston Corp.*, 28 Mass. App. Ct. 404, 407 (1990); Perlin & Connors, Handbook of Civil Procedure in the Massachusetts Dis- trict Court § 1.2 (2d ed. 1990). Hence the plaintiff, by the terms of G. L. c. 231, § 103, as amended through St. 1987, c. 251, § 1, waived his right to trial by jury in the Superior Court "unless within [a certain pe- riod] . . . [the] plaintiff file[d] a claim to a jury trial in the [S]uperior [C]ourt with the [D]istrict [C]ourt." This he did not do. Nevertheless, the defendant revived the plaintiff's right to a jury trial in the Superior Court

when he filed a counterclaim. See G. L. c. 231, § 103. Compare *Tolson* v. *Shemligian*, 24 Mass. App. Ct. 969, 971-972 (1987). Because the counterclaim was for less than $25,000, the plaintiff, under the provisions of the first paragraph of G. L. c. 231, § 104, was unable to remove the case for trial in the Superior Court in the first instance. The second paragraph of § 104, as amended through St. 1987, c. 251, § 2, provides that "[a] party who would have been entitled to remove the case for trial in the [S]uperior [C]ourt as hereinabove provided but for the fact that the amount of the . . . counterclaim . . . does not exceed [$25,000] shall, if he desires trial by the [S]uperior [C]ourt, file an entry fee of [$50] and bond [in the penal sum of $100] within thirty days after notice of the decision or finding." The plaintiff filed the entry fee and deposited $100 in lieu of bond. Therefore the case was properly transferred to the Superior Court, and it was error to allow the defendant's motion to dismiss. It is immaterial that judgment was entered for the plaintiff on the defendant's counterclaim. The right of removal applies to the entire "action or proceeding," § 103, not only to "the claim, counterclaim, or cross-claim" on which the right to remove is based. The conclusion we reach is in accord with that reached by the Appellate Division of the District Courts in *Filippone* v. *Gatzumis*, 1990 Mass. App. Dec. 108, 109 (1990).

*Judgment on motion to dismiss reversed.*

*Stephen A. Greenbaum*, for the plaintiff, submitted a brief.