CHESTER M. RUDNICKI *vs.* DISTRICT COURT DEPARTMENT OF THE TRIAL COURT. February 1, 1995. *Practice, Civil*, Action in nature of mandamus.

The plaintiff filed a petition for mandamus in the Supreme Judicial Court for Suffolk County, based on essentially two claims: (1) that the plaintiff was "frame[d]" by four criminal charges in 1988 while he was campaigning for a Democratic presidential candidate and that he was illegally committed to "Bridgewater Correctional Institution" for observation and (2) that magistrates refused to allow application for criminal complaints to be issued to a citizen so that "law enforcement authorities would not have to investigate crimes being committed at court by judges, magistrates, [and] prosecutors," among others. The plaintiff has not identified the "citizen."

He asserts a plethora of claims for violations of constitutional and civil rights. It is difficult to discover what the plaintiff really seeks but he seems to ask for an injunction against the District Court Department from pursuing present practices.

A single justice denied the plaintiff's petition without a hearing. The plaintiff has appealed to the full court and for the first time in this court he seeks damages against thirty-six persons and entities, some of which were not named as defendants in his original petition.[1]

There was no error in denying relief. Relief in the nature of mandamus, which is an extraordinary remedy, does not lie where an ordinary remedy is available. *Callahan* v. *Superior Court*, 410 Mass. 1001 (1991). Relief in the nature of mandamus is not a matter of right but a discretionary remedy. *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n*, 397 Mass. 341, 344 (1986).

*Judgment affirmed.*

The case was submitted on briefs.

*Chester M. Rudnicki*, pro se.

*Scott Harshbarger*, Attorney General, *& Jane L. Willoughby*, Assistant Attorney General, for the District Court Department of the Trial Court.

---

[1] Of the defendants named in the original petition, only the District Court Department is a party to this appeal.