# RESCRIPT OPINIONS.

JEFFREY THAYER *vs.* CLERK OF THE DISTRICT COURT OF BARNSTABLE & another.[1] August 1, 1995. *Mandamus. District Court,* Appeal to Superior Court. *Clerk of Court.*

The plaintiff appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 249, § 5 (1994 ed.), for a writ of mandamus ordering the respondents to transmit and accept as an appeal to the Superior Court the relevant documents, entry fee, and bond in regard to a District Court civil action (Thayer *vs.* Aiken, No. 9325-CV-0784).

The District Court judge previously had issued a default judgment and dismissed the complaint because the plaintiff had failed timely to answer interrogatories. When the plaintiff attempted to file a notice of appeal to the Superior Court, the clerk of the Superior Court of Barnstable County informed him that he first must move to vacate the judgment of dismissal under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). The plaintiff so moved in the District Court. After the District Court judge denied his "motion to vacate dismissal/in the alternative to order removal to Superior Court," the plaintiff attempted to refile his notice of appeal to the Superior Court. The clerk-magistrate of the District Court refused to transmit the case to the Superior Court because the District Court had denied the plaintiff's motion to remove. The Superior Court clerk refused to accept the matter without leave of the District Court. The petition for a writ of mandamus followed. The single justice denied the petition after a hearing.

We affirm the order of the single justice for two reasons. First, relief in the nature of mandamus, which is an extraordinary remedy, is not proper because the clerk-magistrates acted in accordance with a District Court order from which the plaintiff could have appealed. See *Rudnicki* v. *District Court Dep't of the Trial Court,* 419 Mass. 1008 (1995). An appeal from orders denying removal and relief from default would lie to the Appellate Division of the District Court. See G. L. c. 231, §§ 108, 110 (1994 ed.). That this remedy no longer is available to the plaintiff due to the passage of time is not sufficient grounds for warranting mandamus relief. See *Duncan* v. *School Comm. of Springfield,* 331 Mass. 738, 741-742 (1954).

Second, by filing the action in District Court, the plaintiff was deemed to have waived his right to a trial by jury and right to appeal to the Supe-

---

[1]Clerk of the Superior Court of Barnstable County.

rior Court. G. L. c. 231, § 103 (1994 ed.). He could regain these rights only by (1) filing a claim to a jury trial in the Superior Court *and* (2) filing an entry fee and bond within thirty days after notice of the District Court's "decision or finding." G. L. c. 231, § 103. Although the plaintiff did obtain leave to file his jury claim late, he did not obtain a decision or finding on the merits. See *H. Sandberg & Son* v. *Clerk of the Dist. Court of N. Norfolk*, 12 Mass. App. Ct. 686, 688-689 (1981). See also *Bender* v. *Automotive Specialties, Inc.*, 407 Mass. 31, 34-35 (1990). Therefore he cannot appeal to the Superior Court.

We conclude that the single justice neither abused his discretion nor made a clear error of law in denying the plaintiff's request for mandamus relief. See *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994).

*Judgment affirmed.*

*Valeriano Diviacchi* for the plaintiff.

*Eric A. Smith*, Assistant Attorney General, for the defendants.