Furnari, J.
This is a Dist./Mun. Cts. RAD. A, Rule 8A appeal by the plaintiff of the denial of his G.L.c. 231, §104 post-judgment request to remove this action to the Superior Court Department for trial by jury.
The plaintiff commenced this action in the Lowell Division of the District Court Department to recover for the defendants’ breach of contract. After a lengthy period of default, the defendants were permitted to remove said default and file an answer and counterclaim. It is undisputed that the defendants’ counterclaim sought damages in an amount less than $25,000.00.[4] After trial, the court made a finding for the plaintiff on both his complaint and the defendants’ counterclaim, and entered judgment for the plaintiff in the amount of $1,309.00.
Dissatisfied with the amount of damages assessed, the plaintiff filed a request for “transfer”[5] of this action to the Superior Court Department, a removal fee and a bond. The court denied both the plaintiff’s §104 request and his subsequent motion for reconsideration.
By commencing this action in the District Court Department and failing to file the necessary G.L.c. 231, §103 claim within thirty days, the plaintiff initially waived his right to a Superior Court jury trial. Thayer v. Clerk of Dist. Court of Barnstable, 421 Mass. 1001, 1001-1002 (1995); Hart v. Frost, 1993 Mass. App. Div. 185. The defendant’s counterclaim, however, effectively “revived” the plaintiff’s right to such jury trial. Haddad v. Pulaski, 36 Mass. App. Ct. 964 (1994). Section 103 of G.L.C. 231 provides, in relevant part:
if any claim, counterclaim or cross-claim is asserted against a plaintiff who has elected to bring such action or other civil proceeding in any district court, said plaintiff may of right remove said action or proceeding and claim a jury trial in the same manner and upon the same teims as set forth in said section one hundred and four... [emphasis supplied].
Pursuant to this section, the plaintiff’s §104 right of removal was not limited to the counterclaim asserted against him, but encompassed the entire “action or proceeding.” Haddad v. Pulaski, supra at 964; Filippone v. Gatzunis, 1990 Mass. App. *57 Div. 108,109.
The court erred in ruling that the plaintiff was required to request removal within twenty-five days of the filing of file defendant’s counterclaim. As the counterclaim was for less than $25,000.00, the plaintiffs removal rights were governed by that portion of G.Lc. 231, §104 which provides:
A party who would have been entitled to remove the case for trial in the superior court... but for the fact that the amount of the ... counterclaim ... does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within thirty days after notice of the decision or finding [emphasis supplied].
There is no question that the plaintiff timely filed the request, entry fee and bond required to remove this action to the Superior Court.
Accordingly, the court’s denial of the plaintiff’s request for “transfer" is reversed and vacated. This case is returned to the Lowell Division for all necessary action to effect the immediate G.L.c. 231, §104 removal of this case to the Superior Court Department.
So ordered.

Motion judge’s “Memorandum” of September 27,1995 and Defendants’ Motion in Opposition to Plaintiff’s Request for Transfer.

Transfer” is the appropriate terminology for action taken by the Superior Court pursuant to G.L.c. 231, §102C. Despite its improper caption, the substance of the plaintiff’s request was one for “removal” of this action under G.L.c. 231, §104.