MARIELLE M. BEAULIEU & another[1] *vs.* LEROY BELL
& another.[2]

No. 95-P-425.

Suffolk. May 16, 1996. - August 19, 1996.

Present: KASS, KAPLAN, & LENK, JJ.

*District Court,* Removal of case to Superior Court. *Practice, Civil,* Removal of case to Superior Court, Transfer of action to Superior Court, Jury trial. *Statute,* Construction.

The amendment effected by St. 1987, c. 251, § 1, to G. L. c. 231, § 103, requires that a plaintiff who initiates a civil action in a District Court and who wishes to preserve the right later to claim a jury trial in the Superior Court, must, within thirty days of the commencement of the action file with the clerk of the District Court a claim of jury trial in the Superior Court. [145-150]

CIVIL ACTION commenced in the Boston Municipal Court Department on September 24, 1991.

On removal of the case to the Superior Court Department, remand to the Boston Municipal Court, and retransfer to the Superior Court, the case was heard by *Charles T. Spurlock,* J.

*William P. Franzese* (*William P. Franzese, Jr.,* with him) for the plaintiffs.

*John B. Connarton, Jr.,* for the defendants.

KASS, J. We think the amendment made by St. 1987, c. 251, § 1, to G. L. c. 231, § 103, requires that a plaintiff who initiates a civil action in a District Court claiming more than $25,000, and who desires to preserve the right later to claim a jury trial in the Superior Court, must, within thirty days of the commencement of the action, file with the clerk of the

[1]Gregory Lahens.
[2]Xerox Corporation.

District Court a claim of jury trial in the Superior Court.[3] Failing that, the plaintiff shall have waived the right to a Superior Court jury trial and cannot regain it, even though the defendant preserved rights to a Superior Court jury trial.

In this case, the plaintiffs Beaulieu and Lahens filed a motor vehicle negligence action in the Boston Municipal Court, claiming damages of $100,000. They did not file a claim for jury trial.[4] In their answer, the defendants claimed a jury and made an accompanying request, conformably with G. L. c. 231, § 104, for removal of the case to the Superior Court. Discovery progressed under Superior Court auspices. About one year after the case had lodged in the Superior Court, a judge of that court convened a pretrial conference. Apparently not persuaded that the plaintiffs' damages would exceed $25,000, the judge ordered the case remanded to the Boston Municipal Court, where the case was promptly tried. The Boston Municipal Court judge who heard the case found that the defendants had not been negligent and a judgment was entered for the defendants.

At this juncture, the plaintiffs flirted with an appeal to the Appellate Division of the Boston Municipal Court and took

---

[3]The claim to a jury trial may also be made within thirty days of a responsive pleading or within such further time as the court may allow. G. L. c. 231, § 103, as appearing in St. 1987, c. 251, § 1.

[4]The full text of G. L. c. 231, § 103, is: "If a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court, he shall be deemed to have waived a trial by jury and his right of appeal to the superior court, unless within thirty days of commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the superior court with the district court and within thirty days after notice of the decision or finding files an entry fee of fifty dollars and bond in accordance with the second paragraph of section one hundred and four; provided, however, that if any claim, counterclaim or cross-claim is asserted against a plaintiff who has elected to bring such action or other civil proceeding in any district court, said plaintiff may of right remove said action or proceeding and claim a jury trial in the same manner and upon the same terms as set forth in said section one hundred and four; and, provided further, that if any compulsory counterclaim is asserted by a defendant, said defendant may of right remove the action and claim a jury trial in the same manner and upon the same terms as are set forth in said section one hundred and four. This section and sections one hundred and four to one hundred and ten, inclusive, shall not apply to actions or counterclaims under the provisions of chapter two hundred and thirty-nine."

initial steps along that path. They abandoned that course in favor of retransfer to the Superior Court where, on motion of the defendants, the action was dismissed by a different Superior Court judge. This appeal followed.

The remand and removal system governing the flow of cases between the District Court[5] and the Superior Court has with some justification been described as elaborate. See *Bender* v. *Automotive Specialties, Inc.*, 407 Mass. 31, 35-36 (1990); Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 2.1, at 21 (2d ed. 1990). The dual purposes of the system are to square the right conferred by art. 15 of the Massachusetts Declaration of Rights to a jury trial in civil cases — such trials are not available in the District Court except in some counties on an experimental basis and except in small claims appeals — with relieving congestion in the Superior Court. See *Bender* v. *Automotive Specialties, Inc.*, *supra* at 35; *Dwyer* v. *Piccicuto*, 25 Mass. App. Ct. 910, 911 n.5 (1987); Perlin & Connors, *supra*. Traffic between those divisions of the Trial Court is directed by §§ 102C, 103, and 104 of G. L. c. 231. Section 102C authorizes Superior Court judges to remand to the District Court cases in which there is no reasonable likelihood that recovery will exceed $25,000. That section also enables litigants disappointed by a District Court disposition to "retransfer" to the Superior Court for a second trial, this time before a jury, provided the party so requesting has preserved that right. Section 103, the focus of our attention, speaks to preservation of the right to a jury trial as to cases begun, as the instant case was, in the District Court. Section 104 governs removal of cases from the District Court to the Superior Court. See, e.g., *Haddad* v. *Pulaski*, 36 Mass. App. Ct. 964 (1994).

Section 103 of G. L. c. 231 (see note 4, *supra*, for the full text), as appearing in St. 1987, c. 251, § 1, provides that a party who elects to bring in District Court an action that it might have brought in Superior Court, e.g., a claim for more than $25,000, "shall be deemed to have waived a trial by jury and [its] right of appeal to the Superior Court, *unless* within thirty days of commencement of the action . . . [the] plaintiff

---

[5]Although the Boston Municipal Court is administratively separate from the District Court, it operates functionally as a District Court so far as the remand and removal system is concerned.

files a claim to a jury trial in the superior court with the district court . . . " (emphasis supplied). *Islami* v. *Needham*, 38 Mass. App. Ct. 442, 443-445 (1995). The claim to a jury is then perfected by filing, within thirty days after notice of decision or finding in the District Court an entry fee of fifty dollars and a bond as statutorily prescribed. See *Thayer* v. *Clerk of the Dist. Ct. of Barnstable*, 421 Mass. 1001, 1001-1002 (1995).

When, as here, a plaintiff claims more than $25,000 in damages, the plaintiff may bring the action in Superior Court with jury claim or in the District Court. A principal advantage of bringing the action in the District Court is that the case generally will be tried a good deal sooner than in the Superior Court. Perlin & Connors, *supra* § 2.14, at 33. The plaintiffs elected to bring their complaint in the District Court but did not file a claim of trial by jury. On the basis of the language of § 103, their right to a jury trial was lost unless the defendants asserted a counterclaim which would confer removal rights on them under § 104. The defendants did not do so. What the defendants did was file an answer uncomplicated by counterclaims or cross-claims and to exercise *their* removal rights under § 104, thus, pulling the case over to the Superior Court, as we have recounted, for a period of about a year. It is on the basis of the case's sojourn in the Superior Court that the plaintiffs claim they can regain their jury trial rights, notwithstanding the apparent bar of § 103. For that position they rely on *Tolson* v. *Shemligian*, 24 Mass. App. Ct. 969, 971-972 (1987), in which we indeed held that, if a defendant removes a case to the Superior Court under § 104 and the case is thereafter remanded to the District Court, the defendant cannot prevent the retransfer to the Superior Court that would normally apply to the Superior Court cases remanded under § 102C. We recognized in the *Tolson* opinion that the travels of that case suggested an uneconomic use of court resources but observed that the remedy lay with the Legislature. *Id.* at 972.

The *Tolson* case, however, was decided under significantly different language in G. L. c. 231, § 103. Prior to the 1987 amendment,[6] § 103 read:

---

[6]The legislative remedy at which the *Tolson* opinion hinted was to be closer in time than the *Tolson* court realized. Statutes 1987, c. 251, § 1,

"If a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court, he shall be deemed to have waived a trial by jury and his right of appeal to the superior court, *unless the said action . . . is removed to the superior court as hereinafter provided, in which case the plaintiff shall have the same right to claim a jury trial as if the action or proceeding had been originally brought in the superior court . . .* " (emphasis supplied).

Under that language the plaintiff could not initiate an action in the District Court and claim a jury trial *unless* an opposing party removed the case to Superior Court. If that occurred, however, the plaintiff regained the right to claim a jury; hence our decision in the *Tolson* case.

Under the statute, as amended in 1987, the election to bring the action in the District Court is no longer inconsistent with standby access to the Superior Court and a jury, if the plaintiff claims that access within the time and in the mode prescribed by § 103, as amended. The plaintiffs in this case did not make the statutory claim. We think of no sound reason for reading into G. L. c. 231, § 103, a right by a plaintiff to regain access to the Superior Court and a jury because a defendant claimed that right but chose not to exercise it after prevailing in the District Court. Such an additional right would not further the objective of the removal and remand system to reduce congestion in the Superior Court.[7]

*Conclusion.* A plaintiff who elects to bring a civil action in the District Court loses the right to a jury trial unless it files a timely claim to a jury trial in the Superior Court in the

was approved July 14, 1987, and became effective October 14, 1987 (the ninetieth day having fallen on a Saturday), forty-three days after the *Tolson* opinion was published.

[7]Perlin and Connors in their Handbook of Civil Procedure in the Massachusetts District Court § 2.1, at 22 n.3 reported that in Fiscal Year 1988, 5,810 cases were remanded from Superior Court to District Court. That constituted 17.6% of civil filings in Superior Court that year. Only fifty cases disposed of in District Court after remand were returned to the Superior Court for further proceedings. In fiscal year 1995, there were 34,566 civil entries in Superior Court, and 2,677 cases were remanded to the District Court. Annual Report of the State of the Massachusetts Court System for Fiscal Year 1995, at 128, 130 (1995).

Beaulieu *v.* Bell.

manner prescribed in G. L. c. 231, § 103. The plaintiffs' action in the Superior Court was properly dismissed.

*Judgment affirmed.*