Meagher, J.
Background
The plaintiff-appellant Vincent F. Zarrilli (the “appellant”) appeals the dismissal of his action against the defendant-appellee Sandoz Pharmaceutical Corporation (the “appellee”) on November 2, 1998 by a judge of the Boston Municipal Court Department (the “Boston Municipal Court”). In an Agreed Statement of the Case, the parties have agreed that the sole issue presented by this appeal is whether the appellant was entitled to a trial before a jury in the Boston Municipal Court on such date. The November 2, 1998 Order of Dismissal issued by the trial judge resulted from the appellant’s unwillingness to go forward with his case because a jury was not impaneled and the case would have been heard by the trial judge.
This case commenced when the appellant filed a pro se complaint and jury demand against the appellee in the Superior Court Department (the “Superior Court”).[1] The appellant alleges that as a result of taking the prescription drug “Pamelor,” a drug manufactured and distributed by the appellee, the appellant suffered extreme dryness of the mouth. To alleviate this condition, the appellant took lozenges. The appellant further alleges that the lozenges caused him severe tooth problems that required mouth reconstruction, with the reconstruction costing him more than $10,000 in out-of-pocket expenses. The appellant avers that the appellee was negligent in failing to place a warning on its drug Pamelor that such drug causes dryness of the mouth, thereby breaching appellee’s statutory warranties of merchantability and fitness for a particular purpose.
On February 9,1996, the appellant’s action was remanded to the Boston Municipal Court pursuant to G.L.c. 231, §102C. On October 30,1998, the appellant filed a Motion to Revoke the Order of Remand and to set his case down for a trial by jury in the Superior Court. The appellant’s motion was denied on November 6,1998.
The case was scheduled for trial in the Boston Municipal Court on November 2, 1998. Appellant appeared for trial on that day but refused to go forward because a jury was not impaneled. As appellant refused to proceed, the trial judge allowed the appellee’s oral motion to dismiss.
Discussion
Appellant argues to this court that the unavailability of jury trials in the Boston *256 Municipal Court for civil cases violates Part 1, art. 15 of the Declaration of Rights of the Massachusetts Constitution.[2] Appellant is essentially challenging the remand and removal system codified in G.L.c. 231, §102C-104.[3] This statutory system was established in order to guarantee the right to a jury trial conferred by Part 1, art. 15 of the Massachusetts Declaration of Rights and to relieve congestion in the Superior Court. Beaulieu v. Bell, 41 Mass. App. Ct. 145, 147 (1996); Godfrey v. Chief of Police, 35 Mass. App. Ct. 42, 45 (1993). Under G.L.c. 231, §102C, a litigant whose case has been remanded from the Superior Court to the Boston Municipal Court or the District Court Department (the “District Court”) and who is dissatisfied with the disposition of such case can retransfer the case to the Superior Court for a jury trial. G.L.c. 231, §102C; Beaulieu v. Bell, 41 Mass App. Ct. at 147. The system “has with some justification been described as elaborate.” Id.
The operation of this remand and removal system regulates the manner in which litigants may exercise the right to a jury trial guaranteed by Part 1, art 15 of the Massachusetts Declaration of Rights and does not deny litigants this right DeFino v. Clerk of the Superior Court, 365 Mass. 633, 633 (1974); see H.K. Webster Co. v. Mann, 269 Mass. 381, 385 (1929). It is within the power of the legislature to regulate the right to trial by jury so long as that right is not essentially impaired. H.K. Webster Co. v. Mann, 269 Mass. at 385. The right to a civil jury trial ensures the plaintiff that an unbiased group of individuals will determine the issues of feet in his case, and alterations in the right will be evaluated on substance and not form. Jamgochian v. Dierker, 425 Mass. 565, 570 (1997) (“When evaluating a practice which affects the operation of this right, “what matters is whether [the] procedure strikes at the fundamentals of the jury.’” (quoting Freeman v. Wood, 379 Mass. 777, 781 (1980))). If the appellant had gone forward with the trial in the Boston Municipal Court and followed the appropriate steps for retransfer to the Superior Court, he would have obtained his jury trial in the Superior Court. Appellant’s refusal to proceed in the Boston Municipal Court, and not the remand and removal system, deprived him of a jury trial. See Fratantonio v. Atlantic Ref. Co., 297 Mass. 21, 23 (1937) (explaining that plaintiff’s denial of a jury trial was caused by his deliberate refusal to follow the procedural requirements that would have afforded him one).
Accordingly, we affirm the trial judge’s dismissal of the appellant’s complaint and dismiss the appellant’s appeal.

 The complaint and jury demand in the record before the court is dated October 10,1995. In his brief filed with this court, the appellant states that he filed his complaint “[o]n or about May, 1996.” Thus, the record is unclear as to when the appellant actually filed his complaint and jury demand in the Superior Court.

 Part I, art. 15 of the Declaration of Rights of the Massachusetts Constitution, Right to trial by jury in controversies and suits, provides that:
In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties have a right to a trial by jury, and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners’ wages, the legislature shall hereafter find it necessary to alter it

 Section 102C of chapter 231 of the General Laws provides, in pertinent part:
The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed twenty-five thousand dollars, transfer for trial any civil action pending in said court to the court from which such action was previously removed, if any, or if such action was originally entered in the superior court, to any district court, including the municipal court of the city of Boston....