Garsh, J.
Plaintiff Suzanne Mandeville (“Mandeville”) filed this negligence action against defendant National Amusements, Inc. (“National Amusements”) seeking to recover for personal injuries she sustained when she was struck by a door while exiting the Seekonk Showcase Cinema. This matter is before the court on the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the defendant’s motion to dismiss is ALLOWED.
*388 BACKGROUND
Mandeville commenced this negligence action against National Amusements in the Taunton District Court on June 2, 1997. Her complaint demanded a jury trial pursuant to G.L.c. 231, §103 and was accompanied by a Statement of Damages alleging damages in the amount of $24,958. On July 9, 1997, National Amusements was allowed to remove the case to Superior Court pursuant to G.L.c. 231, § 104. Thereafter, on August 26, 1997, this Court (Hamlin, J.) sua sponte remanded the case to the Taunton District Court pursuant to G.L.c. 231, §102C. Following a bench trial, the District Court (Kane, J.) entered judgment for defendant National Amusements on March 15, 2000.
On March 22, 2000, Mandeville filed a Notice of Appeal and Claim of Jury Trial pursuant to G.L.c. 231, §104. The case was retransferred to Superior Court pursuant to G.L.c. 231, §102C on October 12, 2000, and entered on the docket on October 17. Thereafter, Mandeville never filed a demand for a jury trial in Superior Court. National Amusements now moves to dismiss on the ground that Mandeville has failed to preserve her right to a jury trial in Superior Court.
DISCUSSION
Massachusetts Rule of Civil Procedure 38(b) governs jury trials as of right and provides in relevant part:
In an action transferred, retransferred, removed or appealed from a District Court or the Municipal Court of the City of Boston, a demand for a trial by jury by a party entitled of right thereto shall' be made in accordance with the statute governing such transfer, retransfer, removal or appeal; but if the statute makes no provision for such demand, he shall be deemed to have waived such right unless within 10 days after the entry of the action in Superior Court he files such demand therein.
The movement of cases between the District and Superior Courts is governed by G.L.c. 231, §§102C, 103 and 104. The purpose of the elaborate system of remand and removal is to square the right to a jury trial in civil cases set forth in Article 15 of the Massachusetts Declaration of Rights with the goal of relieving congestion in the Superior Court. Beaulieu v. Bell, 41 Mass.App.Ct. 145, 147 (1996). Whatever right a party has to a trial by jury may be lost by the failure to make a timely demand for such a trial in accordance with Rule 38(b) and the relevant statutory provisions. Greenberg v. Greenberg, 10 Mass.App.Ct. 827, 827 (1980).
Mandeville contends that she has preserved her right to a jury by demanding a jury trial in her June 2, 1997 District Court complaint and by filing a Notice of Appeal and Claim of Jury Trial in the District Court on March 22, 2000. Chapter 231, Section 103, which governs actions commenced in the District Court, provides in relevant part:
If a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court, he shall be deemed to have waived a trial by jury and his right to appeal to the superior court, unless within thirty days of the commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the superior court with the district court. . .
It is undisputed that Mandeville complied with this provision when commencing her action. Nonetheless, cases which are retransferred to Superior Court following remand to and trial in the District Court are further governed by G.L.c. 231, § 102C, which provides in relevant part:
Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court... A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the finding or decision in the superior court he shall file a statement that he insists on a jury trial.
See Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court, §11.18, pp. 230-31 (2d ed. 1990) (stating that in a case commenced in the district court, removed to superior court and then remanded back to district court, the appeal is governed by §102C).
The plain language of Section 102C requires the appealing party to re-assert, in the Superior Court, her demand for a jury trial, notwithstanding that it was properly asserted earlier in the District Court action. It is undisputed that Mandeville failed to demand a jury trial within ten days after the case was retransferred and docketed in Superior Court on October 17, 2000.[2] Pursuant to G.L.c. 231, §102C and Mass.R.Civ.P. 38(b), Mandeville has waived her right to a jury trial in this action.[3] Accordingly, the complaint must be dismissed. See Perez v. National Amusements, Civil Action No. 99-00627 (Suffolk Super. Ct. April 17, 2001) (Giles, J.) (because the provisions of G.L.c. 231, §§102C-104 are intended to protect the right to a jury trial, allowing a party to have a second bench trial in Superior Court would contravene the statutory scheme).
There is no merit to Mandeville’s argument that before dismissing this action pursuant to Rule 12(b)(6), this Court must balance the interest in relieving congestion in the Superior Court with her constitutional right to a jury. The Legislature has already balanced these competing interests in enacting the elaborate system of remand and removal set forth in G.L.c. 231, §§102C-104. See Beaulieu v. Bell, 41 Mass.App.Ct. at 147.
*389 Finally, Mandeville’s protest that it is “hypertechnical” to require her to comply with Section 102C when the parties and the court were on notice from her two previous demands that she desired to exercise her right to a jury trial is unpersuasive. Although the requirement of Section 102C that an appealing party reassert, in the Superior Court, a demand for a jury may, with some accuracy, be likened to a “trap door at the entrance of the Superior Court,” the practice of law is full of such technical, procedural “traps” established by myriad statutes, rules and regulations. Indeed, with respect to District Court practice, it has been noted that:
the complexities of the remand system present the practitionerboth for the plaintiff and for the defendantwith a host of tactical options and procedural pitfalls. The procedural dangers are particularly serious insofar as a misstep regarding any of the numerous filing requirements and deadlines can result in the loss of the client’s right to trial by jury.
Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court, §2.1, at 21-22 (2d ed. 1990).[4]If the requirements of Section 102Caretoo onerous, it for the Legislature, and not this Court, to rewrite the statute.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss be ALLOWED.

 Mandeville is correct that the statute should be interpreted to mean that the ten-day period does not begin to run until the party receives notice from the superior court that the case has been docketed. Compare Hanley v. Polanzak, 8 Mass.App.Ct. 270, 274 (1979). It is undisputed, however, that Mandeville has never made a demand in Superior Court, even after receiving notice of the docketing of the case.

 Tolson v. Shemiligian, 24 Mass.App.Ct. 969 (1987), upon which Mandeville relies, is inapposite. In that case, the Appeals Court held that a plaintiff was entitled to a juiy trial in Superior Court where, although she failed to demand a jury trial pursuant to G.L.c. 231, §103 when filing her complaint in District Court, after the defendant removed the case to Superior Court and it was remanded to and tried in District Court, the plaintiff demanded a jury when seeking a retransfer to the Superior Court, and again after the transfer was effected. 24 Mass.App.Ct. at 971-72. Unlike the present case, Tolson deals with the failure to make an initial jury demand, not the failure to reassert a demand for a jury following transfer to Superior Court. In any event, Tolson was decided under the significantly different language of the prior version of §103 and, thus, it has been superceded by statute. See Beaulieu v. Bell, 41 Mass.App.Ct. at 148-49.

 The Massachusetts Bar Association (“MBA”) has specifically flagged for attorneys the procedural “trap” created by the jury demand requirement of G.L.c. 231, §102C. See MBA, Traps for the Unwary, at 73 (4th ed. 1999) (Chapter 16, Section 32C, “Request for Trial in the District Court: Retrial in the Superior Court”).