Donohue, J.
The plaintiff filed a complaint in the Fitchburg District Court in 1995 alleging negligence on the part of the defendant causing the plaintiff bodily injury. The case was removed to this Court by the defendant. The case was then remanded, sua sponte, back to the Fitchburg District Court on February 22, 1996. Following a bench trial in the District Court (Gelinas, J.), judgment was entered on May 10, 1999 on behalf of the defendant. On May 19, 1999 the plaintiff filed a “Request for Retransfer” in the District Court pursuant to G.L.c. 231, §102C. This Court entered the retransferred case on its docket on July 20, 1999. The defendant argues that the plaintiff waived his right to a re-trial by jury when he failed to complywith G.L.c. 231, §102C in not requesting a trial by juiy within ten (10) days of the retransfer to the Superior Court, and that the case should be dismissed as a result. The plaintiff alleges that the defendant was otherwise on notice of his request for jury trial.
This Court conducted a hearing on the defendant’s motion to dismiss at the Worcester Superior Court on November 5, 2001. After careful consideration of the briefs and arguments of counsel, it is hereby ORDERED that the defendant’s motion to dismiss is ALLOWED.

DISCUSSION

Cases which are retransferred to the Superior Court following remand to and trial in the District court are governed by G.L.c. 231, §102C, which provides in pertinent part:
Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court ... A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the finding or decision in the superior court he shall file a statement that he insists on a jury trial.
G.L.c. 231, §102C.
In the case at bar, it is undisputed that the plaintiff failed to file a request for juiy trial within ten days of the retransfer and entry on the Superior Court’s docket on July 20, 1999. According to G.L.c. 231, §102C, the plaintiff was obligated to request the juiy trial on or before July 30, 1999, and the plaintiff failed to comply. “The plain language of Section 102C requires the appealing party to reassert, in the Superior Court, [its] demand for a jury trial, notwithstanding that it was properly asserted earlier in the District Court-action.” Mandeville v. Nat'l Amusements, Inc., Bristol County Superior Court, C.A. No. 97-01012 (2001) (13 Mass. L. Rptr. 387); see also Beaulieu v. Bell, 41 Mass.App.Ct., 145, 149-50 (“A plaintiff who elects to bring a civil action in the District Court loses the right to a juiy trial unless it files a timely claim to a jury trial in the Superior Court in the manner prescribed in G.L.c. 231, §103. The plaintiffs’ action in the Superior Court was properly dismissed”). Massachusetts Rule of Civil Procedure 38(b) also provides in relevant part:
In an action transferred, retransferred, removed, or appealed from a District Court... a demand for a trial by jury by a party entitled of right thereto shall be made in accordance with the statute governing such transfer, retransfer, removal or appeal; but if the statute makes no provision for such demand, [it] shall be deemed to have waived such right unless within 10 days after the entry of the action in the Superior Court [it] files such demand therein.
Mass.R.Civ.P. 38(b).
The retransfer statute mandated that the plaintiffs request for a jury trial be filed within 10 days of the entry of the case on the Superior Court docket after retransfer. G.L.c. 231, §102C. The plaintiffs failure to comply with the mandatory provision of the statute requires dismissal.

ORDER

For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion to Dismiss for Failure to Comply with G.L.c. 231, §102C and Entry for Judgment is ALLOWED.