LoConto, P.J.
This matter came before the Appellate Division on the defendant’s Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal challenging the constitutionality of the former remand and removal system for the treatment of civil cases as codified in G.L.c. 231, §§102C-104.[1]
The undisputed procedural facts necessary for an understanding of the case are as follows. By complaint filed in the Springfield Division of the District Court Department on December 14, 2001, Efrem A. Gordon brought this action against his former client for unpaid legal fees. The defendant denied the claim and filed a counterclaim. After two requests for a jury trial in the District Court were denied, a trial without a jury was conducted on June 17, 2005. On August 1, 2005, judgment was entered for the plaintiff on his claim and against the defendant on his counterclaim. The only issue on appeal is the defendant’s contention that the procedure governing the method for obtaining a trial by jury then in effect violated Article 15 of the Massachusetts Declaration of Rights.
The issue presented by the defendant is not novel, and we can discern no reason for reaching a result contrary to those previously decided. Part 1, Art. 15 of the Declaration of Rights of the Massachusetts Constitution provides:
In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been other-ways used and practiced, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners’ wages, the legislature shall hereafter find it necessary to alter it.
The right secured by Art. 15 may nevertheless be “regulated as to the mode in which the right shall be exercised so long as such regulation does not impair the substance of the right.” H.K. Webster Co. v. Mann, 269 Mass. 381, 385 (1929). The statutory scheme in effect at the time the plaintiff filed his complaint in this action in the District Court would have permitted a defendant either to “remove” a case to the Superior Court prior to a District Court finding, or to “appeal” to the Superior Court with the right to a jury trial if aggrieved by the decision in the District Court.[2] The amount of the plaintiff’s claim controlled the defendant’s options. The *160 failure to adhere to the statutory requirements governing the time and manner of transfer could have been fatal. Alternatively, a case initiated in the Superior Court would have been transferred for trial to a District or Municipal Court following a Superior Court determination that there was no likelihood that any recovery by the plaintiff could have exceeded the set statutory amount Any party aggrieved by tiie District or Municipal Court decision would then have had the right to retransfer the case to the Superior Court for a trial by jury. In the case at bar, the plaintiffs complaint was filed in the District Court and the amount of the damages sought required a District Court trial and decision before any exercise of an option to “appeal” to the Superior Court. The case could have been removed to the Superior Court for a trial by jury following the District Court judge’s finding.
The constitutionality of the remand-removal statutes then in effect has been previously decided by the Supreme Judicial Court. Defino v. Clerk of the Superior Court, 365 Mass. 633 (1974). In Defino, the appellant sought a writ of mandamus to compel the Superior Court to revoke its order transferring his case to the District Court. The case had been originally filed as a small claims action and was transferred to the Superior Court upon the petitioner’s request for a trial by jury. The Superior Court remanded the case back to the District Court because there was no likelihood that the damages would exceed the amount established for transfer by the statutes then in effect. The Supreme Judicial Court held that “[i]n conjunction with the right to retrial by jury after a District Court determination, also provided by Section 102C, the remand provision does not operate to deny the petitioner his right to jury trial.” Id. at 633. In another case, the Appeals Court decided that the specific remand-removal statutes that constitute the basis of the current appeal in fact were enacted in order to “satisfy the right to trial by jury as guaranteed by Article 15 of the Massachusetts Declaration of Rights....” Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 45 (1993). The Appellate Division of the Boston Municipal Court also addressed a challenge to the constitutionality of the remand-removal system. Zarrilli v. Sandoz Pharmaceutical Corp., 1999 Mass. App. Div. 255. In Zarrilli, the pro se plaintiff filed a complaint and a demand for a jury trial in the Superior Court Department. The matter was remanded by the Superior Court to the Boston Municipal Court pursuant to the provisions of G.Lc. 231, §102C then in effect. A subsequent motion to revoke the order of remand was denied. On the date scheduled for trial in the Boston Municipal Court, the plaintiff refused to participate in a trial without a jury and the case was dismissed. Relying on the authority cited above, the Appellate Division concluded that the Legislature had the authority to regulate the right to a trial by jury as long as that right is not essentially impaired. Nothing presented in the case at bar alters that reasoning.
For the above stated reasons, we order the Clerk-Magistrate of the Springfield Division to enter an order dismissing the appeal.

 This “Rube Goldberg device,” Bender v. Automotive Specialties, Inc., 407 Mass. 31, 35 (1990), was eventually replaced statewide by the enactment of St. 2004, c. 252, the One Trial System.

 Although the pertinent section of G.L.c. 231, §104 used the term “removal” only with respect to the pre-trial movement of the case to the Superior Court, a post trial appeal to the Superior Court under that statute was a “removal.” See Orasz v. Colonial Tavern, Inc., 365 Mass. 131 (1974).