Coven, J.
The principal issue in this appeal concerns the process through which a petition for commitment was brought against A.B., which, after a hearing, resulted *6 in an order of commitment and approval of a medical treatment plan. The order of commitment has expired. We dismiss the appeal as moot.
On January 31, 2014, AB. applied for psychiatric care and treatment on a conditional voluntary status under G.L.c. 123, §§10 and 11 at McLean Hospital (“hospital”). AB.’s application was accepted. On February 10, 2014, AB. was presented with a "Notification of Transfer” form pursuant to G.L.c. 123, §3.[1] The form indicates that AB. refused to sign the form and that such refusal was deemed an objection to the proposed transfer. Based upon this objection, the hospital filed on February 11, 2014, a petition for involuntary commitment under G.L.c. 123, §§7 and 8, and a petition under G.L.c. 123, §8B, to administer medical treatment.[2] After consultation with counsel appointed to represent A.B. on the petitions filed, A.B., on February 14, 2014, amended her deemed objection to the transfer by indicating, through a signature on the notification and the circling within the agreement section, that she agreed to the proposed transfer. A.B., however, on February 17, 2014, signed a "Notice of Intent to Leave Facility.” On February 18, 2014, AB., through counsel, *7 filed a motion to dismiss the petitions, raising the hospital’s failure to fill in the form properly and, as a result, A.B.’s continuing status as a conditional voluntary patient and, therefore, the hospital’s lack of authority to file the petitions. On February 19, 2014, AB. was presented with another “Notification of Transfer” form, listing A.B.’s status as a conditional voluntary patient. AB. signed the transfer notice and agreed to the transfer. The motion to dismiss was denied on February 20,2014,[3] the same day that A.B. purportedly withdrew her "Notice of Intent to Leave Facility.” Thereafter, the petitions were heard and allowed.
“Courts decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process, (b) it is feared that the parties will not adequately represent positions in which they no longer have a personal stake, (c) the adjudication of hypothetical disputes would encroach on the legislative domain, and (d) judicial economy requires that insubstantial controversies not be litigated.” Wolf v. Commissioner of Pub. Welfare, 367 Mass. 293, 298 (1975). Yet it has been recognized that “‘[ijssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance’ and present ‘classic examples’ of issues that are capable of repetition, yet evading review.” Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2008), quoting Acting Superintendent of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000). But this is not a case to exercise this discretionary function. See In Re: Commitment of M.B., 2013 Mass. App. Div. 8, 9 (reviewis discretionary).
AB. presents the argument that the hospital’s failure to fill in properly the "Notification of Transfer” form required the dismissal of the subsequently filed petitions abstracted from any factual findings. For example, we have no factual findings as to who presented the "Notification of Transfer” form to A.B. or what, if any, information was orally communicated to A.B. at the time of presentation. It would be improvident for us to, in effect, declare what information may be necessary for inclusion in the “Notification of Transfer” form before a lack of sufficiency may (if at all) operate as a basis for the filing of a motion to dismiss a petition for commitment, without a full record and accompanying factual findings. In general, the Appellate Division is not vested “with the authority to issue an advisory opinion or anything in the nature of a declaratory judgment,” Filippone v. Gatzunis, 1990 Mass. App. Div. 108, 109, and the “scope of appellate review is limited to questions of law.” Quinn v. Dille, 1987 Mass. App. Div. 101, 103. See G.L. c. 231, §108.[4]
We also decline to exercise our discretion to review whether there was error in determining that A.B. was not capable of making informed medical treatment deci *8 sions. The particular question “is necessarily unique to this case ... and would have little or no precedential value.” In Re: Commitment of KR., 2012 Mass. App. Div. 229.
Appeal dismissed.

 General Laws c. 123, §3 provides:
The department [of mental health] may transfer any person from any facility to any other facility which the department determines is suitable for the care and treatment of such person; provided that no transfer to a private facility shall occur except with the approval of the superintendent thereof. At least six days before a transfer from a facility occurs, the superintendent shall give written notice thereof to the person and to the nearest relative, unless said person knowingly objects, or guardian of such person; provided, however, if the transfer must be made immediately because of an emergency, such notice shall be given within twenty-four hours after the transfer. Except in emergency cases, no person who at any time prior to transfer has given notice of his intention to leave a facility under the provisions of section eleven shall be transferred until a final determination has been made as to whether such person should be retained in a facility.

 The Department of Mental Health has promulgated rules for the transfer of patients. Section 27.08 of 104 CMR governs the transfer of patients. In part, it provides as follows:
(3) Permitted Transfers: Exceptions. Any person admitted to a facility may be transferred from that facility to any other facility, provided that except in an emergency:
(a) Patients on voluntary admission status under 104 CMR 27.06 shall not be subject to transfer without their written consent; and
(b) Patients on conditional voluntary admission status under 104 CMR 27.06 may refuse transfer. Such refusal may be considered equivalent to submission of the patient’s three day written notice of his or her intention to leave or withdraw from the facility. Upon such refusal, the facility director may file a petition for commitment under the provisions of M.G.L.c. 123, §§7 and 8 if the person meets the criteria for commitment or withdraw the notice of transfer provided to the person pursuant to 104 CMR 27.08(8).

 The record reflects that a motion for reconsideration was also heard and denied on this same date.

 We allowed the motion of appellate counsel for AB. to expand the record to include an affidavit of trial counsel for the purposes of addressing the issue of mootness and the likelihood of recurrence of the issue presented on appeal. Trial counsel has indicated that in her experience, the “Notification of Transfer” form is “almost never completed correctly by the Petitioner.” The recurrence of the issue may be present, but its presence demonstrates that the issue can be presented on a more developed record.