NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY *vs.* A & W ARTESIAN WELL CO. No. 87-581. February 19, 1988. *Practice, Civil,* Removal of case to Superior Court, Jury trial.

The plaintiff selected the District Court as the place of trial. It is clear from the provisions of the first sentence of G. L. c. 231, § 103, as appearing in St. 1975, c. 377, § 103, that by that selection the plaintiff waived its right to a trial by jury and (in the circumstances of this case) could regain that right only if the defendant should remove the action to the Superior Court (under G. L. c. 231, § 104), "in which case the plaintiff [would] have the same right to claim a jury trial as if the action . . . had been originally brought in the superior court." The defendant did remove the action, but the plaintiff failed to retrieve its right to a jury trial because it did not file a claim therefor within the ten-day period set out in the concluding clause of Mass.R.Civ.P. 38(b), 365 Mass. 801 (1974). The provisions of

---

Mass.R.Civ.P. 39(a), 365 Mass. 801 (1974), avail the plaintiff nothing because it did not demand a jury trial "as provided in Rule 38." There is nothing in St. 1985, c. 533, or in St. 1986, c. 278, which affects the provisions of G. L. c. 231, § 103. Any construction of the retransfer provisions of G. L. c. 231, § 102C, which would forgive the plaintiff's lapses under § 103 and rule 38(b) "would work at cross purposes with numerous of the provisions of St. 1978, c. 478 ('An Act providing for the orderly administration of justice in the commonwealth'), better known as the Court Reorganization Act of 1978, which were . . . designed to reduce congestion in the Superior Court." *H. Sandberg & Son, Inc.* v. *Clerk of the Dist. Court of No. Norfolk*, 12 Mass. App. Ct. 686, 688 (1981).

*Judgment affirmed.*

*Robert S. Ovoian* for the plaintiff.
*Christine J. Benway* for the defendant.