Kelly, J.
In this action plaintiff seeks review of the trial court Order dismissing the action for lack of jurisdiction. The plaintiff filed suit against defendant James Costello and the City of Boston in the Boston Municipal Court for negligence and violation of G.Lc. 93A. The plaintiff claimed that defendant Costello negligently operated a motor vehicle owned by the City of Boston and injured her.
The defendant answered with a motion to dismiss asserting that the Boston Municipal Court lacked subject matter jurisdiction and only the Superior Court Department had jurisdiction over cases against a public employer such as the City of Boston for damages for negligence pursuant to G.L.c. 258, §2. The defendant also alleged that it was not in trade or commerce for purposes of G.L. c. 93A.
Plaintiff filed a motion to transfer the case to the Superior Court on August 19,1991 and sent a motion to transfer to the Office of the Chief Administrative Justice of the Trial Court (CAJ) on August 27,1991. On September 5,1991 plaintiff filed a motion to refer the case to the CAJ for determination whether the case should be transferred to Superior Court. The trial court allowed that motion on September 12,1991. Thereafter on notice from the CAJ that only cases that involve “serious jurisdictional issues” should be referred for transfer to the CAJ and after the plaintiff filed a Motion to Accept Draft RequestforTransfer, the trial court by Memorandum and Order of June 23,1992 dismissed the case on the grounds that it presented no serious jurisdictional issue. Plaintiff appeals from this Order.
We have reviewed the Report of the motion judge. It appears without doubt that this court lacks subject matter jurisdiction over this action. General Laws c. 258, §3 provides that “[t]he superior court shall have jurisdiction of all civil actions brought against a public employer.” In this case plaintiff is seeking damages against a public employer the City of Boston and the action should have been filed in the Superior Court. There is no concurrent jurisdiction in this court over actions against public employers. Nor is there any statutory scheme, permitting removal of such cases from this court to the Superior Court.
Plaintiff suggests that the motion judge should have transferred the case to the Superior Court. But such a transfer is not contemplated by statue or case law. Where a court of limited jurisdiction confronts a serious question of jurisdiction the motion judge may refer the matter to the Office of the Chief Administrative Justice of the Trial Court for resolution. See Bagley v. Illyrian Gardens, 401 Mass. 822 (1988). However a prerequisite to such transfer or request is a “serious jurisdictional issue” — one where a credible argument may be made that the court in which the case was filed has subject matter jurisdiction. Konstantopoulas v. Whatley, 384 Mass. 123, 129 (1981)
In Konstantopoulas, the court decided that the general equity jurisdiction of the *118 Probate Court did not give the Probate Court subject matter jurisdiction over an action seeking review of the revocation of an entertainment license. Konstantopoulas at 128, 129. However, the question was a serious one meriting debate, particularly where a statute, G.Lc. 215, §6 provided that either party could have removed the case as of right to the Superior Court. The courtfound that the proper procedure to remedy such serious jurisdictional conflict is for the motion judge to ask the Chief Administrative Justice of the Trial Court to transfer the case or the judge or both to the appropriate trial court department. Konstantopoulas at 129. In the case at bar, the record is devoid of a serious claim that there is jurisdiction over plaintiffs complaint in the Boston Municipal Court. Dismissal, not transfer, was required.
Finding no error, the Report is dismissed.