Forte, J.
This is a Dist./Mun. Cts. R7 Civ. P., Rule 64 (d) interlocutor appeal of the denial of the plaintiffs’ motion to amend their complaint to assert, against a proposed new party, a statutory claim which is within the equity jurisdiction of the Superior Court.
The report indicates that the plaintiffs, as subcontractors to the general contractor Frost Construction Co., Inc., furnished labor and materials on a public construction projectfortheTown ofWayland. United States Fidelity and Guaranty Co. ("USF&G”) was the general contractor’s surety on a payment and performance bond issued under G.L.c. 149, §29. The plaintiffs completed their work on the project on December 16,1991.
The plaintiffs commenced this action in the Malden Division of the District Court Department on August 18, 1992 against defendant Andy Frost, d/b/a Frost Construction. The general contractor was not named as a defendant. On February 3, 1993, the plaintiffs filed aDist./Mun. Cts. R. Civ. P., Rule 15(a) motion to amend their complaint by adding USF&G as a party defendant. The plaintiffs’ motion to amend was denied, and the motion judge sua sponte[3] reported such interlocutory ruling to this Division pursuant to Rule 64(d).
1. Rule 15 (a) of the Dist./Mun. Cts. R. Civ. P. provides that judicial leave to amend a pleading “shall be freely given when justice so requires.” Pursuant to such Rule, amendments to pleadings are liberally permitted “unless some good reason appears” to deny the motion to amend. Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). However, the “right to amend a complaint is not automatic,” Terrio v. McDonough, 16 Mass. App. Ct. 163, 167 (1983), and the determination that there exists a good reason to deny a requested amendment remains “within the broad discretion of the trial judge.” Harvard Law School Coalition for Civil Rights v. President & Fell. of Harvard Univ., 413 Mass. 66, 72 (1992); Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621 (1989); Christopher v. Duffy, 28 Mass. App. Ct. 780, 783 (1990). A motion to amend may be properly denied because of:
undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party... [or the] futility of amendment....
Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 549-550 (1987). See also, Ware *186 Sav. Bank v. Krupp, 8 Mass. App. Ct. 874 (1979).
2. The plaintiffs’ proposed amendment of their complaint by adding USF&G as a party defendants designed to afford them an opportunity to reach the G.L.c. 149, §29 payment bond issued by USF&G as surety for the general contractor on Wayland’s public construction project, an opportunity otherwise unavailable because G.L.c. 149, §29 time restrictions would now bar the commencement of an independent action in the Superior Court. The enforcement of such public works payment bond is a statutory right created and governed exclusively by G.L.c. 149, §29. M. Lasden, Inc. v. Decker Elec. Corp. 372 Mass. 179, 182-183 (1977). The statute provides, in relevant part:
In order to obtain the benefit of such bond for any amount claimed due and unpaid at any time, any claimant having a contractual relationship with the contractor principal furnishing the bond ... shall have the right to enforce any such claim (a) bv filing a petition in equity within one year after the day on which such claimant last performed the labor or furnished the labor, materials, equipment, appliances or transportation included in the claim and (LA bv prosecuting the claim thereafter bv trial in the superior court to final adjudication and execution for the sums justly due the claimant as provided in this section [emphasis supplied].
As the district courts do not have general equity jurisdiction, Maloney v. Sargisson, 18 Mass. App. Ct. 341, 344 (1984),[4] and as the statute specifically grants exclusive jurisdiction to the Superior Court, it is clear that the trial court herein lacked subject matter jurisdiction over the only claim the plaintiffs could assert against USF&G if their proposed complaint amendment were allowed. See generally, Police Comm’r of Boston v. Municipal Court of the Dorch. Dist., 374 Mass. 640, 662-663 (1978). The absence of trial court jurisdiction over the plaintiffs’ proposed G.L.c. 149, §29 claim constituted a “good reason” for the court’s denial of the plaintiffs’ Rule 15 (a) motion to amend, and there was thus no abuse of discretion in such ruling.[5]
3. There is no merit to the plaintiffs’ contention that any G.L.c. 141, §29 jurisdictional problem created by the proposed amendment of their complaint could be cured by a G.L.c. 231, §104 removal of this action to the Superior Court for trial. To the extent that the latter statute pertaining to the right of trial by jury in the Superior Court is relevant to G.L.c. 141 equitable proceedings, it is sufficient to note that the plaintiffs commenced this action in the district court, failed to file a jury trial claim within thirty days of the defendant’s answer and thus waived their right of removal to the Superior Court. G.L.c. 231, §103. See Norfolk & Dedham. Mut. Fire Ins. Co. v. A & W Artesian Well Co., 2-5 Mass. App. Ct. 959 (1988). Even USF&G, in the unlikely event that it did not move for an immediate Rule 12(b)(1) dismissal upon an amendment of the plaintiffs’ complaint, would have been unable to request a G.L.c. 231, §104 removal until after district court trial because the plaintiffs’ claim for damages did not exceed $25,000.00.
*187 4. The plaintiffs have not raised before either the motion judge or this Division the issue of whether an administrative transfer of this action to the Superior Court following the procedure suggested in Konstantopoulos v. Whately, 384 Mass. 123, 129 (1981) would be a remedy for the jurisdictional problem created by any allowance of their motion to amend. The Supreme Judicial Court has stated that:
ajudge in a court of limited jurisdiction, faced with a serious jurisdictional issue, should forestall... a possible waste of judicial resources by asking the Chief Administrative Justice of the Trial Court to transfer the case, or the judge, or both, to the appropriate department of the Trial Court.
Id. at 129. See also, St. Joseph’s Polish Nat’l Catholic Church v. Lawn Care Assoc., Inc., 414 Mass. 1003, 1004 (1993). LeBlanc v. The Sherwin Williams Co., 406 Mass. 888, 897 n. 10 (1990); Bagley v. Illyrian Gardens, Inc., 401 Mass. 822, 825 (1988). Having denied the plaintiffs’ Rule 15(a) motion to add a G.L.c. 149, §29 claim, the motion judge herein was not “faced with a serious jurisdictional issue.” We decline to speculate as to the possibility of a transfer of this action by the Chief Justice for Administration and Management if the court had allowed the plaintiffs’ original Rule 15 (a) motion, or if the court were to allow a revised motion to amend the plaintiffs’ complaint by adding both the general contractor (see note 3, supra) and USF&G as party defendants. See Alexander v. Boston, 1993 Mass. App. Div. 117 (action commenced in District Court which was indisputably beyond District Court’s subject matter jurisdiction presented “no serious jurisdictional issue” and was not suitable for administrative transfer). Contrast LeBlanc v. Sherwin Williams Co., supra at 897 (action commenced in Superior Court and transferred to Housing Court for trial was retransferred to Superior Court by Supreme Judicial Court after Housing Court amendment of complaint to add claims outside of Housing Court’s jurisdiction created “serious jurisdictional issue”).
There being no error, the report is dismissed.

 We infer that the trial judge’s action was taken sua sponte given the absence of any draft report filing by the plaintiffs herein.

 Rules 2 and 8(a) of the Dist./Mun. Cts. R. Civ. P. are identical to their Mass. R. Civ. P. counterparts. Although Rule 8 (a) permits the assertion of legal and equitable claims in a single complaint, Glick v. Greenleaf, 383 Mass. 290, 294 (1981), the “merger oflaw and equity” effected by Rule 2 did not alter the jurisdiction of the courts. Walker v. Board of Appeals of Harwich, 388 Mass. 42, 48 (1983).

 It is unnecessary to consider at length additional grounds for affirming the court’s denial of the plaintiffs’ motion to amend. We note briefly that although such motion sought the addition as party defendant of USF&G in its role as the general contractor’s G.L.C. 149, §29 surety, the plaintiffs have not brought suit against the general contractor, Frost Construction Co., Inc. A general contractor isanecessaryparty toa G.L.c. 149, §29 proceeding. See Long Island Painting Corp. v. Beacon Constr. Co., 345 Mass. 567, 572 (1963). See generally, J.R. NOLAN & L.J. SARTORIO, EQUITABLE REMEDIES, §231 (1993). The docket discloses no motion to add or substitute the general contractor as a party defendant, or to correct any misnomer of a party.