CHARLES NYHAN *vs.* RETIREMENT BOARD OF LAWRENCE & another.[1] No. 94-P-679. September 26, 1995. *Public Employment*, Retirement. *Retirement. Veteran. Statute*, Construction.

Charles Nyhan sought judicial review under G. L. c. 30A, § 14, of a retirement board decision denying him certain veterans' benefits. A judge of the Superior Court affirmed the denial, and we affirm the ensuing judgment.

Nyhan worked in various capacities for the city of Lawrence (city) in 1933 and between 1953 and 1989. He retired in 1989, having remained in service past his seventieth birthday — a fact whose significance is central to the current dispute, as will become clear.

On June 12, 1991, Nyhan applied to the Lawrence retirement board (board) for an increase in his retirement benefits under G. L. c. 32, § 58B, which would have had the effect of increasing his pension from sixty-five percent to seventy-two percent of his highest annual rate of compensation.[2] The board gave initial approval on June 27, 1991, but reversed itself on September 26, 1991, after receiving a letter (dated August 20, 1991) from the commissioner of the Public Employee Retirement Administration (commissioner), who stated that Nyhan's application did not comply with the provisions of G. L. c. 32, § 60. That section establishes conditions for the receipt of benefits under §§ 56-59 of G. L. c. 32.

Nyhan appealed from the board's decision to the Contributory Retirement Appeal Board (CRAB), but that appeal was dismissed for lack of jurisdiction. See *Glorioso* v. *Retirement Bd. of Wellesley*, 401 Mass. 648, 650-651 (1988) (no CRAB jurisdiction for appeals of decisions under G. L. c. 32, § 58). Nyhan then requested that the board reconsider its

---

[1]Commissioner of the Public Employee Retirement Administration.

[2]More specifically, G. L. c. 32, § 58, deals with the increase of benefits to seventy-two percent; § 58B allows applicants obtaining benefits under § 58 to change the distribution of those benefits (a certain portion of the benefits are given to the applicant during his or her lifetime, with the remainder given to a beneficiary after death).

The defendants contend, and Nyhan does not deny, that he is, and has been, receiving veterans' retirement benefits pursuant to St. 1961, c. 490, as amended by St. 1962, c. 606.

earlier denial of his application. That request was denied on March 26, 1993.

On April 15, 1993, Nyhan brought an action in the Superior Court seeking a declaratory judgment under G. L. c. 231A, § 1, and judicial review under G. L. c. 30A, § 14; the board and the commissioner were named as defendants. On cross motions for summary judgment brought by the plaintiff and both defendants, the judge granted summary judgment in favor of the defendants.

Nyhan challenges, as an initial matter, the power of the commissioner to review decisions relating to G. L. c. 32, §§ 58-60. We agree with the judge that the actions of the commissioner did not exceed his supervisory authority under G. L. c. 32, §§ 21(1) (*d*) & (4). Section 21(4) plainly authorizes the commissioner to "approve any . . . determinations of any board in order to effectuate" the purposes of chapter 32.

Nyhan further argues that the decision of the judge (and the board) was based on a misinterpretation of the applicable statutes. Under G. L. c. 32, §§ 58 & 60, a veteran who began working for a government body before 1939 is eligible for retirement at seventy-two percent of the person's highest annual rate of compensation if he or she had over thirty years of aggregate service for the government body and if "at the time of his retirement the total period of his creditable service is at least equal to twice the time he was not in the employ" of that government body.[3] It is uncontested that Nyhan could not meet these criteria: while he did serve over thirty years for the city, he did not work for the city for twice as long as he was not in its employ (he had not worked for the city for over nineteen years, and his accrued service was only slightly longer than thirty years).

Nyhan does not dispute that if one focused solely on the above statutory criteria, he would not be eligible for the benefits for which he applied. His argument below, and again on appeal, is that a different statute removes any barrier to his eligibility.

Nyhan relies on the following part of G. L. c. 32, § 90G ¾:[4]

---

[3]Section 60, as amended by St. 1965, c. 498, § 6, states in relevant part:

"No veteran whose employment first begins after June thirtieth, nineteen hundred and thirty-nine, shall be subject to the provisions of sections fifty-six to fifty-nine, inclusive; nor shall any veteran whose employment began on or before said June thirtieth be subject to said provisions unless at the time of his retirement the total period of his creditable service is at least equal to twice the time he was not in the employ of the commonwealth or of a county, city, town, district, housing authority or redevelopment authority subsequent to the date when his employment by the commonwealth or by a county, city, town, district, housing authority or redevelopment authority first began."

[4]These statutory provisions are in effect where they have been accepted. G. L. c. 32, § 90G ¾. All parties to the present suit agree that the city has accepted G. L. c. 32, § 90G ¾.

"Notwithstanding the provisions of section ninety F, ninety G or ninety H or any other general or special law to the contrary, any member continuing in service pursuant to said sections after having attained the age of seventy may elect to accrue creditable service and receive regular compensation, subject to the provisions of this section. Any member so electing shall continue to have deductions made from his regular compensation, and shall upon retirement receive a superannuation retirement or veteran's pension allowance, as applicable, based on the years and full months of service rendered and the regular compensation received prior to having attained said age seventy, together with the years and full months of service rendered and the regular compensation earned subsequent to such election."

While the apparent purpose of the above statute is that people who work past the age of seventy can continue to earn benefits which will be added to benefits accrued at earlier times, Nyhan offers a quite different reading. Focusing on the phrase "[n]otwithstanding . . . any other general or special law to the contrary," Nyhan interprets this section as removing any statutory obstacles to veterans' benefits for those who work after the age of seventy. Put slightly differently, Nyhan claims that an alternative (and less demanding) set of criteria applies to veterans who continue working past the age of seventy.

As the judge pointed out, "[a]n analysis of the clear language of § 90G ¾ and the application of basic precepts of statutory construction indicate that [Nyhan's] expansive reading of the statute is unwarranted." Nyhan's reading of the text ignores the context of the statute and imputes an unreasonable purpose to the Legislature by creating an immunity from other statutory criteria for those veterans who work past the age of seventy.

For the reason — if no other — that a reasonable construction of a statute should be preferred to one that creates unreasonable results, *Manning* v. *Boston Redev. Authy.*, 400 Mass. 444, 453 (1987), and that words should be considered in light of their context, *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 337 (1982), and the Legislature's intentions, *International Org. of Masters* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984), the judge was correct in rejecting Nyhan's reading of G. L. c. 32, § 90G ¾. We do not accept Nyhan's claim that interpreting § 90G ¾ according to "the common usage and ordinary meaning of its language," *Town Council of Agawam* v. *Town Manager of Agawam*, 20 Mass. App. Ct. 100, 103 (1985), would lead to any different result.

*Judgment affirmed.*

*Thomas P. Collins* for the plaintiff.
*Carol Hajjar McGravey* for Retirement Board of Lawrence.

*Jonathan A. Abbott*, Assistant Attorney General, for the Commissioner of the Public Employee Retirement Administration.