Greco, J.
The sole issue raised on this Dist./Mun. Cts. R. A. D. A, Rule 8A appeal by the defendant is whether a District Court judge may allow a plaintiff to claim a jury trial in the Superior Court after the completion of her District Court trial and the entry of judgment against her. The relevant procedural chronology is as follows:
July 20,1995: Plaintiffs complaint seeking damages in the amount of $25,000.00 was filed in the Concord Division of the District Court Department. The complaint did not include a claim for trial by jury.
June 20,1997: After trial, judgment was entered for the defendant.
June 30,1997: The plaintiff filed a “Notice of Appeal” and request for the waiver of a filing fee and bond.
July 9,1997: The defendant’s motion to strike the plaintiffs appeal for failure to have clámed a jury trial was allowed, and the plaintiffs motions for fee and bond waiver were denied.
July 15,1997: The plaintiff filed a motion for the reconsideration of the court’s July 9,1997 order striking her appeal to the Superior Court.
July 22,1997: The plaintiff filed a motion “to claim jury trial late. “
July 23,1997: The court allowed the plaintiff’s motions for reconsideration and for the waiver of a filing fee and bond, and denied the defendant’s motion to strike the plaintiff’s appeal.
Aug. 20,1997: The court amended its order of July 23,1997 to include the allowance of the plaintiffs motion to claim jury trial late.
Aug. 27, 1997: The defendant filed a notice of appeal to this Division, and a request for a waiver of fee and bond.
1. Pursuant to G.L.C. 231, §103, the plaintiffs commencement of this personal injury action in the Concord Division of the District Court Department constituted a waiver of her right to a Superior Court jury trial as a matter of law. Thayer v. Clerk of the District Court of Barnstable, 421 Mass. 1001, 1001-1002 (1995); Hart v. Frost, 1993 Mass. App. Div. 185, 186. She could have regained that right only by complying with the requirements of §103. The statute states:
If a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court, he shall be deemed to have waived a trial by jury and his right to appeal to the superior court, unless within thirty days of commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the superior court with the district court and within thirty days after notice of the decision or *94 finding files an entry fee of fifty dollars and bond in accordance with the second paragraph of section one hundred and four ... [emphasis supplied].
The plaintiff obviously failed to file a jury claim within thirty days of either the bringing of suit or service of the defendant’s answer, but was instead allowed to file a late claim for jury trial more than thirty days after the entry of judgment against her in the District Court. Thus the dispositive issue on this appeal is whether the authority granted to a District Court judge by §103 to allow “further time” for the submission of a Superior Court jury claim may be properly exercised after a trial has been held, judgment has been entered and even the thirty day time for filing an entry fee and bond to perfect a timely jury claim has expired. We conclude that whatever discretion may be statutorily afforded to permit a late jury claim after trial, or even after judgment, it was an abuse of such discretion to allow the plaintiffs motion in the circumstances of this case.
2. The time requirements of G.L.c. 231, §103 must be viewed in the context of the entire statutory scheme for the transfer and removal of cases between the District and Superior Courts. While that system has been “described as elaborate,” Beaulieu v. Bell, 41 Mass. App. Ct. 145, 147 (1996), citing Bender v. Automotive Specialties, Inc., 407 Mass. 31, 35-36 (1990), its dual purpose is to satisfy the constitutional right to a trial by jury while relieving congestion in the Superior Court. Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 45 (1993). With particular emphasis upon the latter Legislative goal of reducing Superior Court caseloads, appellate courts have been consistently reluctant to take a liberal view of the procedural requirements of the transfer/removal statutes, or to excuse non-compliance with such requirements. See, e.g., Beaulieu v. Bell, supra at 149; Norfolk & Dedham Mut. Fire Ins. Co. v. A & W Artesian Well Co., 25 Mass. App. Ct. 959, 960 (1988); H. Sandberg & Son, Inc. v. Clerk of Dist. Ct. of No. Norfolk, 12 Mass. App. Ct. 686, 688 (1981).
Any construction of §103 which would, as a practical matter, increase the flow of cases to the Superior Court, thereby frustrating the well established, contrary intent of the Legislature, is to be avoided. See generally, as to canons of construction, Felicetti v. Secretary of Communities & Develop., 386 Mass. 868, 872-873 (1982); Paquin v. Board of Appeals of Barnstable, 27 Mass. App. Ct. 577, 580 (1989). Thus the §103 provision for “further time” should not be read as creating a markedly lenient or extremely flexible mechanism which would almost automatically allow any plaintiff to claim a Superior Court jury trial at any stage of the district court proceedings.
Moreover, to permit a late jury claim after trial, much less after entry of judgment, would conflict with the express §103 mandate that a plaintiff make known his or her desire for a jury trial at a very early point in the District Court process. The statute requires a jury claim well prior to trial within thirty days of either complaint filing or service of a responsive pleading. “Further time” under the statute must be reasonably construed in the context of, and as commensurate with, this initial thirty day time. See generally, Morrison v. Lennett, 415 Mass. 857, 863 (1993); Nyhan v. Board of Retirement of Lawrence, 39 Mass. App. Ct. 914, 916 (1995). The subsequent §103 period of thirty days after district court decision or finding was obviously not designed as an optional jury demand filing period, but is instead the designated time frame in which a plaintiff must perfect his prior, seasonably filed jury claim.
Further, as the purpose of an early, pre-trial filing of a demand for jury trial is obviously to provide notice to the defendant, see Islami v. Needham, 38 Mass. App. Ct. 442, 445 (1995), permitting a §103 claim after trial would not only add to the Superior Court’s workload, but would also potentially prejudice a defendant. *95 Where a jury claim has not been filed at the beginning of the case, or where the plaintiff has not alerted the defendant to such possibility by seeking an enlargement of the time to do so, a defendant may forego the opportunity to assert a counterclaim out of fear that doing so would then enable the plaintiff to remove the case to the Superior Court pursuant to G.Lc. 231, §104. See Beaulieu v. Bell, supra at 148-149. Additionally, a defendant, unfairly lulled into a false sense of security that the case will end in the District Court, may elect to utilize all of his resources in the District Court trial in the belief that no additional time and money will be needed to retry the case in the Superior Court.
The above considerations logically dictate that when “further time” is sought for the filing of a jury claim after the expiration of the §103 prescribed thirty day period, careful consideration must be given both to the stage of the District Court proceedings at which the jury claim and request for additional time are submitted, and the good faith justification advanced by the plaintiff for failing to have acted within the first thirty days. Reasons which might appropriately excuse such failure when the plaintiff moves early in the proceedings to file a late jury claim may well prove inadequate as the months go by. And when a request for further time is made after trial, and particularly, after judgment has entered, the plaintiffs reasons for filing late must be scrupulously and less tolerantly examined.
3. In the case at bar, the record is devoid of any suggestion of a sufficient justification for the plaintiffs failure to have made a timely jury demand. She claims only that she is an indigent, pro se party who mistakenly surmised that her $25,000.00 claim for damages precluded commencement of her action in the Superior Court and that G.L.C. 231, §103 was thus inapplicable. A pro se litigant is, however, “bound by the same rules of procedure as litigants with counsel,” International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983); see also, Solimine v. Davidian, 422 Mass. 1002 (1996), and her ignorance of the law would in no way excuse her non-compliance with §103. Moreover, it must be noted that an appearance on behalf of the plaintiff was filed by legal counsel on December 8,1995, at a relatively early stage of the proceedings when discovery was still ongoing. Counsel’s failure to have requested additional time for submitting a jury claim at that juncture did not excuse the plaintiffs delay in waiting to file her request and claim until after trial, after the entry of judgment, and even after the expiration of the period for perfecting a timely jury claim. See Rapaport v. Power, 1996 Mass. App. Div. 183.[1]
Accordingly, the order of the trial court allowing the plaintiff to claim a Superior Court jury trial late is hereby reversed.

 In an apparent effort to fight fire with fire, the plaintiff has argued that the defendant’s notice of appeal to this Division was not timely filed. The Concord Division docket entries indicate that the plaintiff’s motion for reconsideration was allowed and the defendant’s motion to strike her appeal was denied on the same date; namely, July 23,1997. However, it was not until August 20,1997 that the trial court amended its order of July 23,1997 to include the allowance of the plaintiff’s motion to file her jury claim late, and that such allowance was officially docketed. It is from that action that the defendant has appealed, and his August 27, 1997 notice of appeal, filed within ten days of the entry of the court’s order, was thus timely. See Dist./Mun. Cts. R. A. D. A, Rule 4(a).