Wright, J.
This is the second appeal of a summary process action decided this date, see Subway Real Estate Corp. v. Marinello, ante, in which the appellant effectively waived appellate review by failing to file Mass. R. Civ. R, Rule 64A requests for rulings of law.
The record indicates that plaintiff Sven Johanson commenced this summary process action to recover what he alleged was more than nine years worth of unpaid rent totaling $96,250.00 and possession of a home at 51 Sloane Drive, Framingham. The plaintiff, who was the defendant’s attorney and sometimes fiancee, purchased the home in 1989 in the defendant’s name and obviously for her use. At the plaintiff’s request, the defendant signed a document at the closing which proved to be a deed transferring title to the plaintiff.
The defendant and her young children resided in the house from the date of purchase through 1998. On July 28, 1998, after their personal relationship had apparently soured, the plaintiff served the defendant with a notice to quit. This action followed. The pro se defendant contended at trial that she was entitled to possession pursuant to the plaintiff’s irrevocable gift to her of a life estate in the property; and that she was never a tenant or lessee of the premises who paid rent or was expected to pay rent, and thus could not be evicted for non-payment. After trial, the court entered judgment for the plaintiff for possession, but awarded no damages. The judge made no written findings of fact, and was not required to do so. Mass. R. Civ. R, Rule 52(c).
The defendant filed this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal on the grounds that the weight of the evidence introduced at trial required the trial judge to enforce the defendant’s right of possession pursuant to an irrevocable gift, and to find that the notice to quit was defective because the defendant was never a tenant under any rental agreement with the plaintiff. However, the defendant failed to file Rule 64A(b) requests for rulings of law to preserve for appellate review the issue of the sufficiency of the evidence to permit or require findings in her favor. Given the absence of such requests, or of a Mass. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal, no issue of law as to the sufficiency of the evidence is open on this appeal. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Cambridge Chamber of Commerce v. Central Square Ins. Agency, 1999 Mass. App. Div. 27, 29; Ducker v. Ducker, 1997 Mass. App. Div. 147, 148; Cummings Prop. Mgm. v. C.T. Whittier & Assoc., Inc., 1997 Mass. App. Div. 153, 154.
Similarly, the defendant is foreclosed from arguing that the court should have enforced the irrevocable gift she claimed on the basis of promissory estoppel. The defendant did not file a Rule 64A(a) request to secure a ruling of law by the trial judge on this issue, which could have then been reviewed on this appeal. See Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. Given the absence of specific rulings of law or written findings of fact by the trial court, the *183 defendant has presented nothing more than her objection to the court’s general finding for the plaintiff on the issue of possession. The correctness of a general finding, without more, does not constitute a question of law for appellate review. Ducker v. Ducker, supra at 148; Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96-97.
The defendant also charges the trial court with error in admitting into evidence a purported lease of the premises by the parties. The defendant did not, however, object to this evidence at the tíme it was admitted, nor does the record indicate that she moved to strike the same. Under such circumstances, the defendant waived any objection to the court’s admission of the lease. Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 12 (1998); Nancy P. v. D’Amato, 401 Mass. 516, 524 (1988); Freyermuth v. Lutfy, 376 Mass. 612, 616 (1978).
Undoubtedly, the procedural omissions delineated here resulted in large part from the fact that the defendant proceeded pro se in the trial court. It is established, however, that a party’s pro se status does not relieve him or her from complying with applicable rules of substantive and procedural law. Pandey v. Roulston, 419 Mass. 1010, 1011 (1995); Griffith v. Griffith, 24 Mass. App. Ct. 943, 944 (1987); Hickey v. Grandine, 1998 Mass. App. Div. 93, 95.
Appeal dismissed.
So ordered.