Swan, J.
Citibank South Dakota, N.A. (“Citibank”) sued Ajay M. Sawant (“Sawant”) for breach of a credit card agreement. Summary judgment was entered for Citibank in the amount of $2,619.81, plus interest and costs, and Sawant has appealed that judgment.
Summary judgment may be rendered where the pleadings, discovery documents, and affidavits “show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass. R. Civ. R, Rule 56(c). See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The evidence presented is viewed in the light most favorable to the nonmoving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).
In support of its motion for summary judgment, Citibank submitted an affidavit of Terri Ryning, an employee of Citicorp Credit Services, Inc. (USA) and an authorized agent for Citibank. She averred that according to the books and records of Citibank, with which she was familiar, Sawant entered into an agreement with Citibank for the issuance of a credit card; that the agreement called for charges for late payments and costs of collection, including attorney’s fees; that Sawant used the card and received regular statements showing credits, debits, and balances; and that as of December 18,2002, Sawant owed $2,619.81 on the account, plus interest and costs of collection.
*80 In response, Sawant filed an unsworn opposition that listed a litany of allegations; asserted defenses and counterclaims, including the statute of limitations, payment in full, and violations by Citibank of a settlement agreement, discovery rules, G.L.c. 93A, and various state and Federal consumer laws; and demanded damages in the sum of $255,000.00. Rule 56(e) requires that “[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Sawant’s unsworn opposition to Citibank’s summary judgment motion did not qualify as an affidavit.[1]
Moreover, even if the opposition paper had been under oath, it would have failed to satisfy Rule 56(e), which requires that “[sjupporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” The only allegations that appear to be made on personal knowledge consist of Sawant’s recounting of an oral agreement which he (referring to himself in the third person as “Mr. Sawant”) entered into with one Ms. S. Harmon of Accelerated Bureau of Collections, Inc. to settle the debt in full by monthly payments of $25.00, for a total of $375.00. Sawant stated that this settlement amount was paid. The collection agency’s authority to act on behalf of Citibank was not a matter within Sawant’s personal knowledge, nor did Sawant set forth admissible facts in evidence or show his competence to testify to that authority. As the motion judge found in his written decision, “ [t]he opposing party has offered no sworn statements or any other competent countervailing evidence [relevant] to any material fact.” Summary judgment was properly allowed.
As in a companion case decided today involving the same parties and a different credit card account, Citibank South Dakota, N.A. v. Sawant, App. Div. No. 11-ADMS-10047, Sawant represented himself throughout the trial court proceedings. The failure of his defenses in this action resulted in part from his running afoul of technical procedural rules that may be unfamiliar to nonlawyers. However, “[a] pro se litigant is bound by the same rules of procedure as litigants with counsel. We see no reason to make an exception here” (citations omitted). International Fid. Ins. Co. v. Wilson, *81 387 Mass. 841, 847 (1983). See also Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. 340, 350 (2010);Johanson v. Aldridge, 1999 Mass. App. Div. 182, 183.
Judgment affirmed.
So ordered.

 Sawant’s opposition is not contained in his record appendix, but rather in Citibank’s supplemental appendix. Sawant’s appendix does include a sworn affidavit, but it is dated as having been sworn on December 23,2004. As that date was nine days after the December 14,2004 allowance of the Citibank’s summary judgment motion, the December 23 affidavit was not before the judge at the summary judgment hearing. On December 20, Sawant did file a motion to reconsider the summary judgment. Based on the trial court docket, Sawanfs sworn affidavit does not appear to have been filed in support of the motion to reconsider. In fact, it does not appear to have been filed at all. Finally, neither the motion to reconsider nor the trial court’s order denying it has been included in Sawant’s appendix; and that ruling is thus not before us.