Elliott Cowdrey, J.
John P. Forte, J.

**COOLIDGE BANK and TRUST COMPANY**

v.

**TOW INCORPORATED and Robert KATZ**
**No. 8617**

District Court Department
Appellate Division (Northern District)
Trial Court of the
Commonwealth of Massachusetts

**May 12, 1981**

Santo J. Ruma, Esq. counsel for plaintiff
Joseph D. Mulhall, Esq. counsel for defendant

## OPINION

COWDREY, P.J. This is an action in tort to recover $10,000.00 in damages for the alleged conversion of the plaintiff's motor vehicles by the defendant.

The reported evidence may be summarized as follows: this suit was initiated on January 27, 1977, and a return of service on both defendants was filed on March 7, 1977.

Defendant Robert Katz, appearing **pro se,** answered on March 16, 1977 by way of a general denial with an affirmative defense that the defendants held a mechanics lien on both of the vehicles in question. On June 3, 1977 defendant Katz filed answers to the plaintiff's interrogatories in which he stated that the allegedly converted property of the plaintiff was originally entrusted to his co-defendant, Tow Incorporated, for voluntary storage, and that the mechanics lien referred to in the defendant's answer derived from unpaid storage charges.

On November 18, 1977, defendant Katz was defaulted for failure to appear at trial. Pursuant to the plaintiff's subsequent motion for assessment of damages, and after hearing, the trial court awarded $10,680.00 to the plaintiff. This default judgment was entered against Robert Katz on January 9, 1978.

On January 30, 1979 defendant Katz filed a Dist./Mun. Cts. R. Civ. P. 60 motion for relief from final judgment. In an affidavit submitted therewith, the defendant stated that his failure to appear both on the date set for trial and at the hearing for the assessment of damages resulted solely from his lack of any notice of these proceedings. The defendant further averred that he had ceased business operations on certain premises in Cambridge and Brighton, Massachusetts, and that no mail had been forwarded to him from these addresses.

On February 9, 1979 and after hearing, the trial court ruled that the defendant's Rule 60 motion would be allowed subject to the defendant's posting of an $11,000.00 bond with the court on or before March 9, 1979. The defendant's failure to satisfy this condition resulted on March 9, 1979 in the court's denial of the defendant's motion for relief from judgment.

The defendant, Robert Katz, is

presently before this Division claiming to be aggrieved by the trial court's denial of his Rule 60 motion on the basis of the defendant's failure to post the required bond. We limit our review to the propriety of the bond condition at issue. That portion of the trial court's February 9, 1979 ruling constituting an allowance, however conditional, of the defendant's Dist./Mun. Cts. R. Civ. P. 60 motion for relief from judgment was an exercise of judicial discretion which may not be reversed absent a clear demonstration of abuse. **Berube v. McKesson Wine & Spirits Co.**, Mass. Adv. Sh. (1979) 742, 745-746; **Trustees of Stigmatine Fathers Inc. v. Secretary of Adm. & Fin.**, 369 Mass. 562, 565 (1976).

In general, the imposition of conditions is an acceptable practice in granting relief from judgment. Rule 60(b) of the Dist./Mun. Cts. R. Civ. P. specifically provides that "on motion and **upon such terms as are just,** the court may relieve a party or his legal representative from a final judgment. . ." (emphasis supplied). The underscored clause has been construed as a grant of explicit authority to a trial justice to impose terms upon the opening of a default judgment. **Wokan v. Alladin International, Inc.**, 485 F.2d, 1232, 1234 (3rd Cir. 1973). The conditions most frequently imposed upon a Rule 60 petitioner are the payment of costs and/or attorneys fees. See, **e.g., Trueblood v. Grayson Shops of Tenn., Inc.**, 32 F. R. D. 190, 195 (E.D. Va. 1963); **Hendricks v. Alcoa Steamship Co.**, 32 F. R. D. 169 (E.D. Pa. 1963). The exaction of such terms is usually justified as a device for mitigating any disadvantage which may flow to the judgment winner. **Littlefield v. Walt Flanagan & Co.**, 498 F.2d 1134, 1136 (10th Cir. 1974); **Morisse v. Defensive Instruments, Inc.**, 55 F. R. D. 433, 435 (E. D. Wisc. 1972).

Neither the general propriety of the imposition of such conditions nor the broad discretionary power of the motion justice in rendering a Dist./Mun. Cts. R.

Civ. P. 60 decision automatically insures, however, that all terms made prerequisite to Rule 60 relief are just and reasonable and therefore within the purview of the rule. The defendant in the instant action was ordered to post a bond for $11,000.00, an amount in excess of the $10,680.00 sum actually assessed as damages under Dist./Mun. Cts. R. Civ. P. 55, in order to secure a trial on the merits. The record herein does not disclose sufficient circumstances to warrant the trial court's extraordinary order for the defendant's provision of complete pre-trial security for the full amount of the plaintiff's claim. Indeed, it has been noted that it is

"perfectly proper for a district court in an appropriate case to impose the condition to vacating a default judgment that the judgment holder not be deprived of any payment or security he has obtained as a result of the judgment. But it is difficult to imagine what set of circumstances would justify the imposition of a condition that the now disputed claim be made more secure than it was prior to the court's action on the Rule 60(b) motion."

**Wolkan v. Alladin International, Inc., supra** at 1235. Cf. **Barber v. Tuberville,** 218 F.2d 34, 36 (D.C. Cir. 1954).[1] Second, and more significantly, the practical impossibility for the defendant of satisfying the specific bond condition at issue herein gives rise to a spectre of due process deprivation. It was adduced at oral argument that the defendant's failure to post the required bond resulted

---

[1]Former Massachusetts practice under G.L. c. 250 §§ 15, 17 required, with limited statutory exceptions, the posting of a bond as a condition precedent to the allowance of a petition to vacate judgment. See, **Mancini v. Columbus Auto Body, Inc.,** 359 Mass. 586, 589 (1971); **Sands, Taylor & Wood Co. v. The American Ins. Co.,** 349 Mass. 477, 478 (1965); **Fox v. Bottomly,** 341 Mass. 701, 703 (1961).

solely from his financial inability to do so. Where an appellant's

"claim that he simply is unable to comply with the condition imposed is true, various questions are raised, questions having an aura of denial of due process of law. See **Societe Internationale v. Rogers,** 357 U. S. 197, 202-210, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), where the Supreme Court stated in another context that the imposition of an 'impossible' condition of a litigant's right to a trial on the merits raises constitutional difficulties."
**Thorpe** v. **Thorpe,** 364 F.2d 692, 695 (D.C. Cir. 1966). A satisfactory resolution of such constitutional difficulties in favor of sustaining the trial court's conditional order cannot be made on the basis of anything in the report now before us. We therefore vacate that portion of the trial court's Dist./Mun. Cts. R. Civ. P. 60 order which imposed an $11,000.00 bond as a prerequisite to a trial on the merits in this case.

Finally, the apparent existence of a meritorious defense to, and the amount of, the plaintiff's claim may well have persuaded the trial court to vacate its default judgment. We note by way of dicta, however, that the defendant's factual assertions of "exceptional circumstances" to justify relief from judgment pursuant to Dist./Mun. Cts. R. Civ. P. 60(b) (6) appear less than compelling.[2] It is not inconceivable that the court exercised its discretion to reopen this case on a belief that a monetary condition could be properly imposed to more fully entitle the defendant to the post-judgment remedy sought. As our decision is to the contrary, the court should be afforded an opportunity to reconsider the merits of the defendant's motion. **Wolkan** v. **Alladin International, Inc., supra** at 1235.

The trial court's denial of the defendant's Dist./Mun. Cts. R. Civ. P. 60 motion is hereby vacated. This case is remanded for a rehearing of said motion.

**Elliott T. Cowdrey, J.**
**John P. Forte, J.**

---

[2]Relief from judgment for mistake, inadvertence, suprise or excusable neglect pursuant to Rule 60(b)(1) is not available to the defendant as the defendant's motion was filed more than one year after the entry of judgment.

