Welsh, P. J.
These two actions sounding in contract were tried together and present the identical issue on appeal. The plaintiff, as administrator with the will annexed of Harold A. Leventhal, claims that the defendant is indebted to the estate of the decedent for legal services rendered by the decedent at the request of the defendant. Defendant claims that the services rendered were unnecessary and of no value to him, and further that no recovery is warranted because of the terms of a contingent fee agreement between the defendant and the plaintiff s testator.
The court found for the plaintiff in each action in the sum of $2,557.50 with interest from the date of commencement of the action. The docket indicates that judgment was entered on March 29, 1982 and copies forwarded to each party agreeable to Rule 58(a), Dist./Mun, Cts. R. Civ. P. Although the report in each case indicates that requests for rulings were filed and acted upon by the court, neither a request for report nor a draft report was filed pursuant to Rule 64(c), Dist./Mun. Cts. R. Civ. P.
On April 9,1982, eleven days after the entry of judgment, the defendant filed a motion to extend the time in which to appeal to the Superior Court for trial de novo and to file an appeal bond. On April 20,1982, the court allowed the motion and enlarged the time to appeal until May 1, 1982, provided that the defendant filed abond in the penal sum of$3,500.00 in each case. Defendant requested that that action be reported, a draft report was filed and later allowed. The propriety of the judge’s order enlarging the time for appeal conditioned upon such a bond is the issue reported.
1. It is apparent that both the defendant and the motion judge[2] assumed that G.L.c. 231, § 97 was applicable to these cases and that these cases might be brougnt to the superior court by a claim of appeal.[3] This assumption is erroneous. Actions for money damages may generally be brought in either the district court or the superior court. G.L.c. 281, § 19. In other words, there is no *147 requirement that an action sounding in contract for legal services be commenced in the district courts. Section 97 of Chapter 231, giving a defendant the right of an appeal to the superior court de novo, only applies where the action is brought in the district court by compulsion rather than by election and there is no provision of law, statutory or otherwise, creating some other appellate remedy. Lynn Gas Co. v. Creditors Nat. Clearing House, 235 Mass. 114, 115 (1920); Donnelly v. Montague, 305 Mass. 14, 16 (1940). The statute, by its express terms, limits the right to appeal to those civil actions which could not have been removed to the superior court. The defendant had the option to remove this case to the superior court after trial in the district court since the ad damnum of either action is less than $7,500.00. However, this right is conditioned upon the timely filing of a claim of removal, the removal bond and appropriate entry fee within 10 days after notice of the decision or finding. H. K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).
The distinction between the exercise of the right of removal after trial (G. L. c. 231, § 104) and the right granted to appeal (G. L. c. 231, § 97) is no mere matter of legalistic sophistry. The right of removal by a defendant after trial where the amount in controversy is less than $7,500.00 is subject to the condition that the district court decision may be introduced by the opposite party and be given the effect of prima facie evidence at the trial in superior court. An appeal under § 97 of c. 231 is not so encumbered, since the effect of the statutory language “shall be tried as if originally commenced there” is that the district court finding and decision is entitled to no evidentiary weight at the superior court trial. Another distinction is as to the amount of the bond required. In a removal after trial, the bond requirement is that of a cost bond in the penal sum of $ 100.00 in those cases in which a bond is required. In contrast, the bond in an appeal for trial de novo under § 97 is not limited to $100.00, but is conditioned to satisfy any judgment for costs, and to ente*- and prosecute his appeal “with effect.”
2. Removal as a matter of right requires strict compliance with all of the prerequisites of the statute. The power of a judge to permit removal as a matter of judicial discretion is restricted to those cases where the claim of removal is timely made, but one or more of the other statutory prerequisites have not been met. H. K. Webster Co. v. Mann, supra at 384, 385 (1929). See Molesworth v. Municipal Court of the City of Boston, 364 Mass. 830 (1973); Orasz v. Colonial Tavern, Inc., 365 Mass. 131, 136 (1974). In the instant case, actual notice of the court’s decision did not come to the attention of counsel until April 5, 1982. Although this assertion is made only in defendant’s brief, there is nothing rebutting or controlling it in the record. Unlike the time requirements for filing a request for report or draft report, wherein the 10 days commences the day following the entry of judgment [Rule 64(c) (1) (i), (ii)], the notice period in issue here commences to run only when the knowledge of the substance of the notice actually came to the attorney for the appellant. Sweeney v. Morey & Co., Inc., 279 Mass. 495, 502 (1932). Accepting appellant’s assertion as to the date of actual notice, compliance with the statutory requirements for removal should have been accomplished by the close of business on April 15, 1982. Plainly, the *148 defendant did not comply with the terms of the removal statute by filing a motion to extend the time in which to file an appeal bond.
Having lost the option to remove the action as a matter of right, the only remaining question is whether the judge abused his discretion in allowing the motion conditioned upon the filing of a bond in the sum of $3,500.00 in each case.
The bond specified in the removal statute, (G.L. c. 231, §104), as well as the de novo appeals statute (G.L. c. 231 ,§97), is abond to satisfy costs and not to satisfy a money judgment adverse to the appellant, as is the case, for example, with a defendant’s appeal to superior court in a summary process case. G.L.c. 239, § 5. A bond in the penal sum of $3,500.00 so far exceeds a bond to satisfy costs in a case of this sort that we are led inexorably to the conclusion that the judge below assumed that the amount of the bond to be fixed by him included the entire amount of the adverse judgment as well as "costs”. See Kargman v. Dustin, 5 Mass. App. Ct. 101, 113; Damaskos v. Board of Appeals of Boston, 359 Mass. 55, 64-65 (1971).
The cases are remanded to the trial court with the direction that the following entry be made by the trial clerk. The order on the defendant's motion for late appeal and for the setting of an appeal bond is vacated. A new order to enter allowing the defendant-appellant 10 days from the date of entry of the order to take the necessary steps to effect removal of the case to superior court in accordance with the provisions of G.L. c. 231, § 104. There being no error of law appearing of record, judgment for the plaintiff in each action is affirmed.

So ordered.

 Thejudge who heard and allowed the motion which is the subject of this appeal was not the trial judge.

 "Unless a written waiver of the right of appeal has been filed by all the parties, a party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court within six days after the entry thereof provided that appeals in actions commenced pursuant to chapter two hundred and thirty-nine shall be taken within the time limits specified in section five of chapter two hundred and thirty-nine. In such case no execution shall be issued on the judgment appealed from. The case shall be entered in the superior court pursuant to the provisions of section one hundred and one and shall there be tried and determined as if originally entered therein."