Merrigan, J.
The plaintiff Kathleen M. Kersmanc and the defendant Brent A. Lebeau were involved in a motor vehicle accident on November 21,1992, at the intersection of Route 12 and Harrison Avenue in Auburn, Massachusetts. Kersmanc alleged that Lebeau was negligent; which Lebeau denied. He asserted that if negligent, he was not liable because Kersmanc’s negligence exceeded his own. After a bench trial in the Worcester *177 District Court, judgment entered against Lebeau in the amount of $118,000.
Immediately prior to trial, Lebeau moved for a jury of six trial. He asserted that G.L.c. 218, §19A entitled him to a civil jury trial in the District Court. Section 19A provides that a party may claim a trial by a jury of six “[ajfter the entry of a civil action in the central district court of Worcester.” The judge denied the motion. There was no error.
The case was originally filed in the Superior Court and it was remanded to the District Court pursuant to G.L.c. 231, §102C. Section 102C provides that remanded cases “shall be tried by a justice sitting in said court.” Neither G.L.c. 231, §102C nor G.L.c. 218, §19A expressly provides for jury of six cases in the District Court for civil cases remanded from the Superior Court. Lebeau makes no argument that there is any actual reason why we should construe these statutes as entitling Lebeau to a jury of six trial in the District Court on a remand case. Accordingly, and absent express statutory language entitling Lebeau to proceed by jury trial, it is our conclusion that the motion was properly denied.
At the conclusion of the evidence, Lebeau submitted 18 requested rulings. Both parties argue as if the judge took no action on these requested rulings. Lebeau asserts that in the absence of action by the trial judge they must be treated as denied and he constructs his substantive argument accordingly. Kersmanc argues that the judge’s findings of facts render “immaterial” any claim of prejudicial error as a result of inaction on the requested rulings as unnecessary. Apparently neither counsel has consulted the original case file in preparing this appeal; otherwise, they would have discovered that, despite the absence of an appropriate docket entry, the trial judge did in fact rule on Lebeau’s request for rulings.[1] Of the 18 requests, 16 were allowed and the court took no action, and in effect denied 2 requests because they included a mixture of law and fact. Both of these requests were properly denied.
We affirm the rulings of the trial judge and dismiss Lebeau’s appeal.

 We do not imply criticism of counsel for this omission, especially in the absence of a docket entry recording the filing of Lebeau’s Request for Rulings of Law. We have made this discovery through inquiry of the civil clerk for Worcester District Court. On our own motion, we amend the record appendix to include the rulings of the trial judge. See Appendix hereto.