Gelinas, J.
This case, before us on appeal from a district court judge’s allowance of defendant’s motion for judgment notwithstanding the verdict after trial by jury of six in the Worcester Central District Court, raises the threshold issue of whether the case should have been tried to the jury of six at all. Pursuant to our duty to consider legal questions necessarily attendant to those appealed, Bushnell v. Bushnell, 393 Mass 462 (1984), we determine that it should not have been tried to the jury of six in the Worcester Central District Court, we vacate all judgments and order the case restored to the Worcester Central District civil trial list for trial *222 before a justice.
Richard H. Lavin (plaintiff) entered this action initially in Worcester Superior Court against Wal-Mart Stores, Inc. (defendant), alleging negligence causing injuries occasioned by a slip and fall on defendant’s premises. Pursuant to M.G.LAc. 231, §102C the matter was remanded by the superior court to the Worcester Central District Court. After conference and apparently by agreement of the judge and the parties, trial was had before a jury of six in the Worcester Central District Court.
“It is axiomatic that no unit of the judicial system nor particular court of any unit has any jurisdiction except such as is conferred upon it,” M.P.S. VOL. 9, NOLAN, §82. While trials of civil actions by jury of six in the Worcester Central District Court are specially authorized under M.G.LAc. 218, §19A, we conclude, based on an examination of the relevant statutes, that authorization for such jury trials is jurisdictionally limited to causes initially entered in the Worcester Central District Court and does not extend to matters remanded from the superior court, even with the consent of all parties.
District courts are granted concurrent jurisdiction with the superior court of all civil actions in which money damages are sought, M.G.LAc. 218, §19. By express statutory authority, “experimental in nature and clearly designed to relieve congestion in the superior court...” Nalbandian v. Patrizzi, 369 Mass. 477, 481 (1976), trials of civil matters before juries of six are authorized in civil actions entered in the Worcester Central District Court (M.G.LAc. 218, §19A)[1] and in civil actions entered in any district court in the county of Essex (M.G.LAc. 218, §19B). The claim of trial by jury of six must be made “within the time provided or allowed for filing of an answer” M.G.LAc. 218, §§19A, 19B. Review may be had directly to the appeals court, Id. Either party may refuse to agree to such trial and thereafter the party claiming trial by jury of six may remove the case to superior court for trial either with or without jury, Id. The statutes contemplate the removal procedures outlined in M.G.LAc. 231, §§104 and 107, see M.P.S. VOL. 9, NOLAN, §102, but no mention is made of the remand or retransfer procedures under M.G.LA.C. 231, §102C.
Cases entered in the superior court and then remanded to the district court are *223 governed by the language of M.G.LAc. 231, §102C[2] This statute provides that “remanded cases shall be tried by a justice sitting in said court,” Id, and see Kersmanc v. Lebeau, 1996 Mass. App. Div. 176. M.G.L.A.c. 231, §102C further provides that the parties “shall have the benefits of and be subject to the district municipal *224 courts rules of civil procedure.” (see M.P.S. VOL 9, NOLAN, §102), while trials before the Worcester Central District Court jury of six “shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court...” M.G.LAc. 218, §19A Inclusion of civil actions remanded from superior court in the jurisdiction conferred by M.G.LA.C. 218,' §19A would appear to leave in place the retransfer provisions of M.G.LAc. 231, §102C, see Bender v. Automotive Specialties, Inc., 407 Mass. 31 (1990) and Beaulieu v. Bell, 41 Mass. App. Ct. 145 (1996). Nothing in the statutory provisions governing remand address these issues. Were the experimental statute conferring special jurisdiction on the jury of six to include cases remanded from the superior court, greater procedural complexities than the experiment was designed to cure would be created, absent clear direction with regard to the waiver and retransfer provisions.
Finally, as the issue turns on subject matter jurisdiction conferred by the statute and not on personal jurisdiction or venue, we conclude that the parties cannot waive, either explicitly or implicitly, the jurisdictional issue, as is permitted with regard to certain jurisdictional and venue issues contemplated by Mass. R. Civ. R, Rule 12(b) and (n).[3]
We are cognizant of the experimental efforts in Norfolk and Middlesex Counties to provide for clear definition of jury of she civil trials in the district court; extension of that concept must await further statutory authority.
All judgments are vacated, the case is returned to the Worcester Central District Court and is ordered restored to the trial list to be tried by a justice of that court.

 The full text of this statute is as follows:
After the entry of a civil action in the central district court of Worcester, any party may, within the time provided or allowed for the filing of an answer, claim a trial by a jury of six. Trials by such juries in said district court shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court, except that each party shall be entitled to two peremptory challenges. Jurors shall be drawn from the pool of jurors available for the jury sessions in civil cases in the superior court for Worcester county. The first justice of the central district court of Worcester shall arrange jury sessions in his court and assign justices thereto, to the end that there may be a speedy disposition of cases tried by a jury in said court. In the event of a trial by jury in the central district court of Worcester, review may be had directly by the appeals court pursuant to the Massachusetts Rules of Appellate Procedure. If any party claims a trial by a jury of six, any other party shall have seven days within which to refuse to agree to such trial, and in case of such written refusal filed with the clerk, the party claiming such trial by a jury of six may within six days thereafter remove the case for trial before the superior court with or without a jury. If any party refuses to agree to a trial by a jury of six and the case is not removed to the superior court under the provisions of this section or section one hundred and four or one hundred and seven, inclusive, of chapter two hundred and thirty-one, the trial shall be in the district court without jury. At any time prior to trial the parties by agreement may have a trial by a jury of six.

 The full text of this statute is as follows:
The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed seven thousand five hundred dollars, transfer for trial any civil action pending in said court to the court from which such action was previously removed, if any, or if such action was originally entered in the superior court, to any district court, including the municipal court of the city of Boston, in which it could have been brought under the provisions of section two of chapter two hundred and twenty-three.
Clerks of the superior court shall, when a case is so transferred, transmit the order of reference and the original papers in the action, or certified copies thereof, together with a copy of the docket entries, without charge to the clerk of the court to which such action was so transferred.
Such action shall, unless retransferred as hereinafter provided, be pending in the court to which it was transferred and shall be tried by a justice sitting in said court. The parties shall have the benefits of and be subject to the district-municipal court rules of civil procedure. Such action while pending in said court may be consolidated for trial with cross actions as provided in section two A of chapter two hundred and twenty-three. The justice shall file a written decision or finding with the clerk who shall forthwith notify the parties or counsel of record. Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court and any party to an action consolidated for trial with the transferred action aggrieved by the finding or decision may as of right have his case transferred for determination by the superior court. The request for retransfer or transfer, as the case may be, shall be filed with the clerk of said district court within ten days after notice of the finding or decision. If either party neglects to appear at the time appointed for such trial, or at any adjournment thereof, without just cause or if at any such time either party refuses to produce in good faith the testimony relied on by him the justice may close the trial and order that judgment be entered for the adverse party and file a finding or decision to that effect; and if both so fail to appear he may order that the action be dismissed.
Upon the filing with the clerk of a request for retransfer, the decision or finding shall be forthwith transmitted, with any original papers received from the superior court and any original papers filed in the district after transfer of the case by a superior court, to the clerk of the superior court of the county from which the case was referred. If a request for transfer is filed in an action consolidated for trial with the action transferred from the superior court, the finding or decision shall be forthwith submitted, with all the original papers filed in the district court, to the clerk of the superior court of the county from which the transferred case was referred. The clerk of the superior court shall forthwith notify the parties or counsel of record of the receipt and filing of said finding or decision
The action shall thereafter be tried in the superior court. The decision, and the amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings. A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the finding or decision in the superior court he shall file a statement that he insists on a jury trial.

 As the remand was first docketed in the Worcester Central Court on May 27,1997 the transitional rules contemplated by Mass R. Civ. R Rule A are not applicable.