Ripps, J.
On April 2,1997, the plaintiff a legal malpractice carrier (insurer), filed this action against the defendant Steven A Kressler (Count I) and his law partner, Nathaniel D. Pitnof (Count II), seeking to recover its policy’s $10,000 deductible after the insurer successfully defended the defendants against a malpractice claim. The plaintiff-insurer claimed a jury trial in the Worcester District Court (Central District Court of Worcester) pursuant to G.L.c. 218, §19A
On April 23,1997, the defendants answered, claimed a jury trial in the District Court and also in the Superior Court pursuant to c. 231, §103, and defendant Pitnof counterclaimed.[1]
On or about September 22,1997, the insurer served on Kressler Requests for Admission of Facts containing an admission of liability. (Mass. R. Civ. R, Rule 36). Kressler failed to respond within 20 days, whereby the facts contained in the request were deemed “conclusively established.” Mass. R. Civ. R, Rule 36(b).
On December 3, 1997, the insurer filed a Motion for Summary Judgment against Kressler based upon the admission of liability. No opposition was filed. The hearing was attended by the plaintiffs attorney, John E. Keenan, Jr., and the defendants attorney, Mr. Pitnof.[2]
Count II of the complaint, as to Pitnof, was dismissed November 17,1997 pursuant to a bankruptcy.
On January 5, 1998, after hearing, the judge allowed Summary Judgment against Kressler for $10,000 plus interest and costs equaling $11,200. However, on February 19,1998, the Clerk-Magistrate’s Office issued a Judgment against both Kressler and Pitnof for $10,000 plus interest and costs, totaling $11,200 jointly and severally.
On February 26,1998, Pitnof filed a Motion for Relief from Judgment per Mass. R. Civ. R, Rule 60(a), asking that separate judgments enter against Kressler and him, so that he could maintain his counterclaim which was still pending. The judge treated the motion as a Motion for a Separate Judgment pursuant to Mass. R. Civ. R, Rule 54(b), (March 19, 1998 Memorandum of Decision), ordered the single party judgment against Kressler as requested, and made the order nunc pro tunc to February 19,1998 noting: “Counsel at argument agreed that there is no just reason for delay in the entry of the judgment against Steven A Kressler.” (See para. 3). The amended Judgment was mailed March 20,1998.
*24 On March 25,1998, Kressler, through counsel Pitnof, filed a Motion for Reconsideration and affidavit dated March 24th under Mass. R Civ. P., Rule 60(b). Kressler requested that the judgment he made to enter as of March 19, 1998, or that he be allowed a late appeal under c. 231, §104. In his affidavit at para 2, Attorney Pitnof for Kressler stated that when the judgment first entered February 19th, “It was my opinion that an appeal could not be taken from that finding.” Also in the affidavit at para 3, and at the hearing thereon, he alleged for the first time, that Kressler’s right to appeal to Superior Court, under c. 231, §104 within 30 days, had been abridged by the court’s ordering the separate judgment nunc pro tunc because the time to appeal had expired. Judge Brennan, in his Finding dated April 22, 1998, denied relief stating that Kressler’s “binding admissions ... preclude meaningful contest of the judgment? and that “an appeal would be dilatory at worst and frivolous at best” (para. 3). From that order, Kressler appeals claiming abuse of discretion and denial of due process.
Judge Brennan then ruled alternatively at para. 4 that he would allow an appeal only if an appeal bond in the sum of $15,000 were filed to secure the judgment From that order, Kressler appeals claiming that the judge abused his discretion by imposing unjust terms for the bond.
DISCUSSION
Kressler claims that it was improper for the judge to order that the separate judgment be made nunc pro tunc to February 19,1998, and to later refuse to re-date the judgment, because it deprived him of his right to a Superior Court jury trial; and that the judge’s conditioning the right to appeal to Superior Court upon payment of a bond in the amount of the judgment was error.
“The dual purposes of the [remand removal] system are to square the right conferred by art 15 to a jury trial in civil cases [where jury trials are not available in the District Court] with relieving congestion in the Superior Court” Beaulieu v. Bell, 41 Mass. App. Ct. 145, 147 (1996). However, since 1967, jury of six trials have been available in the Worcester District Court pursuant to c. 218, §19A[3] and in the Essex County District Courts per c. 218, §19B.[4] This statute was “clearly designed to relieve congestion in the superior court” Nalbandian v. Patrizzi, 369 Mass. 477, 481 (1976), Lavin v. Wal-Mart Stores, Inc., 1998 Mass. App. Div. 221, 222.
In this case, the plaintiff requested a jury of six trial on April 2,1997. On April 23, 1997, Kressler filed an answer and also requested a jury of six trial, along with a request for a Superior Court jury trial per c. 231, §103. Thereafter, summary judgment entered against Kressler. He suggests that although summary *25 judgment entered against him, he is still entitled to have a jury trial in the Superior Court by removing the case under c. 231, §104. He does not have such a right
In cases subject to the remand-removal system, removal was prevented after a default in the District Court In H. Sandberg & Son, Inc. v. Clerk of District Court of Northern Norfolk, 12 Mass. App. Ct. 686 (1981), review denied, 385 Mass. 1102 (1982), the case was filed in Superior Court and transferred to District Court where the defendant failed to appear and a default entered. The defendant then sought to retransfer to Superior Court for trial which was allowed. The Appeals Court overturned the retransfer stating:
We think the ruling made by the judge in the present case would defeat the purpose of [c. 231] §102C by encouraging a practice under which counsel who are prepared to accept the risks of an adverse prima facie case against them could suffer judgments of dismissal or default in a District Court and unilaterally delay the presentation of their evidence until the time of trial before a judge or a jury in the Superior Court See and compare Vaught Constr. Co. v. Bertonazzi Buick Co., 371 Mass. 533, 562, (1976). We also think that ruling would work at cross purposes with numerous of the provisions of St 1978, c. 478 (An Act providing for the orderly administration of justice in the commonwealth), better known as the Court Reorganization Act of 1978, which were also designed to reduce congestion in the Superior Court At 688.
In Islami v. Needham, 38 Mass. App. Ct. 442 (1995), an Essex County case filed under c. 218, §19B, counsel representing two plaintiffs filed a complaint in which one plaintiff requested a jury trial and the other plaintiff requested a trial by the court Thereafter, a jury-waived trial was held and a decision rendered. The plaintiff then sought to remove the case to Superior Court for a jury trial pursuant to c. 231, §103. The court said:
The six-person jury statutes (see G.L.c. 218, §19A [Worcester County], and §19B [Essex County]) were intended to reduce the inefficiencies, both to the parties and the judicial system, inherent in a system of multiple trials of the same action. In a pleading where no court is mentioned other than the District Court, we interpret a jury demand to he a claim to a District Court trial by a jury of six (provided that one is available). It follows that, in the instant case, the plaintiff did not make a claim of jury trial in the Superior Court, and that any claim he may have made for trial by a jury of six in the District Court was waived by his proceeding to a bench trial of the claim, without objection. See Walcott v. O’Connor, 163 Mass. 21, 22 (1895); NOLAN, CIVIL PRACTICE §516. At 445-446.
Kressler had a full opportunity to litigate his case and have a District Court jury trial. That right was foreclosed as a matter of law by final summary judgment
Kressler argues that if he can not have a Superior Court jury trial, his due process rights have been violated. Kressler was provided a jury trial right as required under the Massachusetts Declaration of Rights, and it was obviated by the entry of summary judgment against him. He cites no authority that he possessed any additional due process rights to a jury trial.[5] Herein, the legislature provided for jury *26 trials in Worcester District Court[6] Neither his right to a jury trial nor his due process rights were abrogated.
For the foregoing reasons, Kressler did not have the right to have the case heard in the Superior Court See PEKLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE, §2.1, n.l, 2000 Supplement “[i]t would appear that the remand and removal system does not apply to jury session cases brought under G.L.c. 218, §§19A and 19B.”
Since there was no right to “appeal” to Superior Court we need not reach the question of whether the judge’s imposition of a bond in the amount of $15,000 to secure satisfaction of the judgment was erroneous.[7]
For the foregoing reasons, the Appeal is Dismissed.

 Attorney Pitnof was pro se and represented Attorney Kressler. References to Kressler mean that Pitnof was acting on his behalf.

 According to Appellate Counsel: John E. Keenan, Jr., for the plaintiff and Lisa M. Read for the defendant

 After the entry of a civil action in the central district court of Worcester, any party may, within the time provided or allowed for the filing of an answer, claim a trial by a jury of six ... If any party claims a trial by a jury of six, any other parly shall have seven days within which to refuse to agree to such trial, and in case of such written refusal filed with the clerk, the party claiming such trial by jury of six may within six days thereafter remove the case for trial before the superior court with or without jury. If any party refuses to agree to a trial by a jury of six and the case is not removed to the superior court under the provisions of this section or section one hundred and four or one hundred and seven, inclusive, of chapter two hundred and thirty-one, the trial shall be in the district court without jury. At any time prior to trial the parties by agreement may have a trial by a jury of six. c. 218, §19A St 1967, c. 549, §1,

 Pursuant to St 1996, c. 358, a new District Court Civil Jury Trial system was implemented in Middlesex and Norfolk Counties. By St 2000, c. 142, it was expanded to Essex and Berkshire Counties effective September 1, 2000, thereby replacing c. 218, §19B.

 Kressler actually confuses his specific constitutional right to a jury trial secured by Article 15 of the Declaration of Rights with due process. i.e., he treats them synonymously.

 The right to a jury trial is firmly rooted in both the Federal and our State Constitutions. See Sixth and Seventh Amendments to the United States Constitution; arts. 12 and 15 of the Declaration of Rights of the Massachusetts Constitution.” Jamgochian v. Dierker, 425 Mass. 565, 568 (1997). Neither the Federal nor State Constitution mandates the number of individuals who shall serve on a jury.” italicld.

 See c. 231, §98, Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 290 (1984), Auburn v. Cappadona, 1983 Mass. App. Div. 146, Coolidge Bank and Trust Co., v. Tow Inc., 1981 Mass. App. Div. 91, 92.